

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. PD-0233-12

### THE STATE OF TEXAS

### v.

### ROBERT LOUIS ROSSEAU, Appellee

### ON APPELLEE'S PETITION FOR DISCRETIONARY REVIEW
### FROM THE FOURTH COURT OF APPEALS
### BEXAR COUNTY

**ALCALA, J., delivered the opinion for a unanimous Court.**

### O P I N I O N

This is a pretrial appeal. In his petition for discretionary review, Robert Louis Rosseau, appellee, challenges the judgment of the court of appeals that reversed the trial court's order quashing a portion of the indictment. *See State v. Rosseau*, No. 04–10–00866–CR, 2011 WL 6207037, at *9 (Tex. App.—San Antonio Dec. 14, 2011) (not designated for publication). On appellee's motion, the trial court quashed multiple paragraphs of the indictment, which were based on a "bigamy provision" that elevates the range of

punishment for sexual assault whenever "the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [Texas Penal Code] Section 25.01."[1] With respect to appellee's jurisdictional challenge, we agree with the court of appeals that

---

[1]     Section 22.011(f) of the Texas Penal Code states,

An offense under this section is a felony of the second degree, except that an offense under this section is a felony of the first degree if the victim was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under Section 25.01.

TEX. PENAL CODE § 22.011(f). Section 25.01 of the Texas Penal Code states in relevant part,

(a) An individual commits [the offense of bigamy] if:

(1) he is legally married and he:

(A) purports to marry or does marry a person other than his spouse in this state, or any other state or foreign country, under circumstances that would, but for the actor's prior marriage, constitute a marriage; or
(B) lives with a person other than his spouse in this state under the appearance of being married; or

(2) he knows that a married person other than his spouse is married and he:
(A) purports to marry or does marry that person in this state, or any other state or foreign country, under circumstances that would, but for the person's prior marriage, constitute a marriage; or
(B) lives with that person in this state under the appearance of being married.

(b) For purposes of this section, "under the appearance of being married" means holding out that the parties are married with cohabitation and an intent to be married by either party.

TEX. PENAL CODE § 25.01.

it had jurisdiction to address the State's appeal of the trial court's order granting the motion to quash. With respect to appellee's argument that the bigamy provision at Texas Penal Code Section 22.011(f) is facially unconstitutional, we disagree with the court of appeals's conclusion that appellee did not present a facial challenge, but agree with its alternative holding that appellee failed to show that the statute operates unconstitutionally in all its applications. We, therefore, affirm the judgment of the court of appeals.

## I. Background

Charged with offenses committed against two complainants, appellee stands indicted for 29 counts of sexual assault of a child and one count of indecency with a child. One of the complainants was appellee's step-daughter, and the other was her female friend. Each of the 29 sexual-assault counts contained an allegation based on the bigamy provision. *See* TEX. PENAL CODE § 22.011(f).[2] If proved, the provision would elevate each sexual-assault count from a second-degree felony to a first-degree felony. *Id*. Appellee filed a motion to quash the indictment by contending (1) that the bigamy provision was being applied inconsistently with the legislative intent and would thus subject him to greater punishment than the sexual-assault statute contemplates; and (2) that the law violated the Equal Protection and Due Process clauses of both the state and federal constitutions because it "punishes people for being married."

---

[2] Each sexual-assault count contained a paragraph alleging that, "at the time that the [sexual assault] was committed, [complainant], was a person whom the defendant was prohibited from marrying or purporting to marry or with whom the defendant was prohibited from living under the appearance of being married under Section 25.01 of the Texas Penal Code, in that, the defendant was legally married to a person other than [complainant]."

Appellee's motion to quash included two exhibits describing the legislative history for the 2005 amendment that rewrote subsection (f) of Texas Penal Code Section 22.011 and added the provision at issue in this appeal. *See* TEX. PENAL CODE § 22.011(f); Act of May 29, 2005, 79th Leg., R.S., ch. 268, § 4.02.  His exhibits suggest that the Legislature crafted the bigamy provision to particularly target fundamentalist Mormons involved in bigamous relationships with children. His exhibits also describe the percentage of married people in Texas, and on this basis he argues that the bigamy provision would have widespread application if it were applied generally to married people who are not believed to be in bigamous relationships. Aside from the two exhibits attached to the motion to quash, no other evidence was presented. At the hearing on appellee's motion, the State argued that it would be inappropriate for the trial court to consider the exhibits that address extra-textual matters because the language of the statute is plain and serves the State's legitimate interest in "protecting the spouses of the individuals who are either the victim or the defendants in a case of sexual assault." The State further argued that sexual assault may be properly elevated to a first-degree felony "if the victim was a person whom the actor was prohibited from marrying," and that the provision was applicable here because appellee was "by law prohibited from marrying the victim because [he] was already married" to her mother. Neither party contended that appellee was in a bigamous relationship with the victims.

The trial court granted the motion to quash in part, striking the bigamy provision from each of the 29 sexual-assault counts. The State appealed to the court of appeals, and the

proceedings in the trial court were stayed pending resolution of the appeal. In the court of appeals, the parties had three disputes.

First, the parties disputed whether the court of appeals had jurisdiction over the State's appeal. *Rosseau*, 2011 WL 6207037, at *3-4. Appellee contended that the statute was a punishment enhancement that was not required to be included in the indictment, and, therefore, that the dismissal of that portion of the indictment could not serve as the basis for the State's appeal. *Id*. Disagreeing with appellee, the court of appeals determined that the State had a right to appeal the trial court's order quashing a portion of the indictment and that, therefore, it had proper jurisdiction to entertain the State's appeal. *Id*. at *4-7. This jurisdictional dispute is the focus of the first two grounds in appellee's petition for discretionary review.[3]

---

[3] In his first issue, appellee contends that the court of appeals "erroneously failed to apply the Texas Government Code to its analysis of Tex. Pen. Code § 22.011(f)'s elements; this error informed the Court's ruling that the State had a right of appeal." In his second issue, appellee alleges that the court of appeals "improperly employed case law indicating that any portion of a Penal Code statute included in the indictment is an element of the offense . . . this error informed the Court's ruling that the state had a right of appeal." In his brief on the merits following this Court's acceptance of his petition for discretionary review, appellee "excised" the second issue in light of this Court's decision in *State v. Richardson*, 383 S.W.3d 544 (Tex. Crim. App. 2012), and "reframed the grounds for review to better reflect the current law." Appellee has attempted to re-frame his first two issues by stating, "The Fourth Court of Appeals erred by not applying the Code Construction Act to Texas Penal Code § 22.011(f); extra-textual sources reveal that § 22.011 is a first-degree felony only when bigamy is alleged." Appellee argues that this "Court should determine that [Texas Penal Code Section 22.011(f)] only applies to enhance sexual assault when bigamy is alleged, and further that it may only enhance sexual assault if bigamy is proven at trial." This proposed ground for review is entirely different from the first two grounds upon which we granted discretionary review. The State's responsive brief objected to the improper attempt to change the grounds for review and declined to brief the issue as re-framed. We decline to permit appellee to re-frame his first two issues.

Second, the parties disputed whether appellee's motion to quash had properly presented a facial challenge to the statute's constitutionality and, even if it had, they disputed whether appellee had proven a constitutional violation. *Id*. at *9. The court of appeals agreed with the State that appellee failed to raise a facial challenge, and, alternatively, determined that even if he did, he failed to carry his burden of proof. *Id*. (holding that appellee "failed to rebut the presumption of constitutionality by proving that the statute operates unconstitutionally in all its applications"). This dispute is the basis of appellee's final ground in his petition for discretionary review.[4]

Third, the parties disputed whether the statute was unconstitutional "as applied" to appellee. The court of appeals determined that this argument was premature as a pretrial ruling because it was dependent on the facts presented at trial. *Id*. at *7-9. This dispute has been abandoned by appellee in his petition for discretionary review, and we express no opinion on the merits of this matter.

## II. Appellate Court Jurisdiction

Appellee's first two issues in his petition for discretionary review challenge the appellate court's jurisdiction to review the trial court's order granting the motion to quash. Appellee contends that the court of appeals lacked jurisdiction over the State's appeal because the trial court's order granting the motion to quash pertained only to an enhancement

---

[4]    In his third issue in his petition for discretionary review, appellee alleges that the court of appeals "willfully avoided addressing the constitutionality of Tex. Pen. Code § 22.011(f) despite [appellee's] proper error preservation and argumentation; the constitutionality of § 22.011(f) is fast becoming an important issue in Texas law."

allegation rather than to the elements of the offense. We disagree. Since the court of appeals's judgment in this case, this Court has expressly held that a court of appeals has jurisdiction to address the State's challenge to a trial court's order dismissing a portion of an indictment, even when that portion is the punishment-enhancement paragraph, as opposed to elements of the offense. *State v. Richardson*, 383 S.W.3d 544, 548 (Tex. Crim. App. 2012). In *Richardson*, we explained that the plain language in Texas Code of Criminal Procedure Article 44.01(a)(1) authorizes the State to appeal any trial court order that "dismisses an indictment, information, or complaint or any portion of an indictment, information, or complaint[.]" *Id*. (citing TEX. CODE CRIM. PROC. art. 44.01(a)(1)). Moreover, we explained that, for purposes of applying the plain language of Article 44.01(a)(1), there is no meaningful distinction between elements of the offense and enhancement allegations contained within an indictment—both constitute "portion[s] of the indictment" under Article 44.01(a)(1). *Id*. Here, as in *Richardson*, because the quashed provisions "were alleged in the indictment, and thus are quite literally a 'portion of an indictment,' Art. 44.01(a)(1) may be invoked to permit the state's appeal." *Id*. at 547. In light of *Richardson*, we overrule appellee's first two issues.[5]

### III. Facial Challenge to the Constitutionality of the Bigamy Provision

In his third issue, appellee alleges that the court of appeals erred by concluding that

---

[5]     Although ordinarily we might remand this case to the court of appeals to consider this matter in light of the more recent authority, we resolve this pretrial appeal so that the trial court may more quickly conduct a trial on the merits.

he failed to properly present a facial challenge to the constitutionality of the bigamy provision. *See* TEX. PENAL CODE § 22.011(f). He further contends that the provision, if interpreted in accordance with the State's suggested reading, is facially unconstitutional because it treats all married people more harshly than it treats unmarried people in violation of the Due Process and Equal Protection clauses of the state and federal constitutions.

**A. Appellee Did Present Challenge to Facial Constitutionality of Statute**

The court of appeals determined that "neither the text of his motion to quash nor his argument in the trial court raised a facial challenge to the constitutionality of [the bigamy provision]." *See Rosseau*, 2011 WL 6207037, at *8 (citing *Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009)).[6] We disagree. Although it could have been more clearly presented, appellee's motion adequately presented both facial and "as applied" challenges to the constitutionality of the bigamy provision.

Rather than focus on the presence of magic language, a court should examine the record to determine whether the trial court understood the basis of a defendant's request. *See Clark v. State*, 365 S.W.3d 333, 339 (Tex. Crim. App. 2012) (noting that issue preserved without having been explicitly stated if "there have been statements or actions on the record that clearly indicate what the judge and opposing counsel understood the argument to be")

---

[6]  We review a trial court's ruling on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law. *Smith v. State*, 309 S.W.3d 10, 13-14 (Tex. Crim. App. 2010). Generally, when an indictment tracks the language of a statute, it will satisfy constitutional notice requirements. *State v. Mays*, 967 S.W.2d 404, 406 (Tex. Crim. App. 1998).

(citing *Resendez v. State*, 306 S.W.3d 308, 315-16 (Tex. Crim. App. 2009)); *Lankston v. State*, 827 S.W.2d 907, 909 (Tex. Crim. App. 1992) (in issue-preservation context, there are "no technical considerations or form of words to be used. Straightforward communication in plain English will always suffice.").

By arguing that the bigamy provision creates a "class of individuals" (e.g., married people) and selects those individuals for enhanced punishment, appellee's motion to quash presented more than merely a challenge to the constitutionality of the statute as it applied to him.  The motion stated,

> [T]he application [of Texas Penal Code § 22.011(f)] to the present indictment is inappropriate. It creates a "class of individuals" who would potentially receive a greater punishment than TPC, Sec. 22.011 contemplates.  As applied, it violates the equal protection and the due process sections of both the State and Federal Constitutions.  It punishes people for being married.  Clearly, the legislature did not intend this section to have that effect. To allow this enhancement would lead to absurd and legislatively unintended consequences.

At the hearing on the motion, the parties disputed whether the bigamy provision, if interpreted to apply anytime either a defendant or complainant is married at the time of a sexual assault, could serve any legitimate purpose with respect to married people who were not in bigamist relationships. Defense counsel argued that the statute was facially unconstitutional by referring to "a class of individuals" who are being punished more severely for being married.  Counsel stated,

> My entire argument is that application of this present indictment to [appellee] would put him in a class of individuals that would potentially receive greater punishment than 22.011 contemplates.  As such, it's violative of his right to equal protection and due process under both state and federal Constitution[s],

under the Texas State Constitution. . . . I believe that this statute punishes people for being married, that the application as to [appellee] would, in fact, punish him for being married. I do not believe that that was the intention of the Legislature at all. I believe the legislation was specifically directed towards a specific unique legal moral political circumstance that was happening in our state and nearby states, and that the State should be precluded from the enhancement that they seek in this case.

The State's prosecutor replied that the statute was "clear on its face," that the statute plainly is "targeted at the sanctity of marriage" because it protects married victims, and that the indictment properly tracked the language of the statute.

At the conclusion of the hearing, the trial court granted the motion to quash by referring to the intent of the statute generally and by discussing its specific application to appellee. The trial court stated,

I don't believe that the statute was ever intended to say we're going to take this bigamy statute, we're going to enhance it over here, even though the person who is charged, the evidence is not going to show that they were engaging in bigamy or doing any of the things that is listed in this bigamy statute. When it was first presented to me, I thought that the fact scenario was going to show that not only was the person committing the offense of sexual assault but they were also doing something applicable under this bigamy statute, other than just having the status of being a married person. So I don't see it. I think it raises constitutional issues . . . [and that ] does make it a proper subject for a motion to quash. I'm going to find that it is violative of constitutional rights[.]

Appellee's written motion, the parties' arguments before the trial court, and the trial court's ruling each discussed the statute's treatment of married people as a class. Although he could have more clearly expressed the basis for his challenge, appellee's motion adequately apprised the trial court of his argument that the bigamy provision is facially unconstitutional in all its applications. We hold that the court of appeals erred by rejecting

appellee's argument on the ground that it was not raised.

**B. Appellee Failed to Prove that Bigamy Provision Is Facially Unconstitutional**

The court of appeals determined that "even if" a facial challenge could be discerned, appellee had failed to rebut the presumption of constitutionality because he did not prove that the statute operated unconstitutionally in all its applications and could never be constitutionally applied to any defendant under any set of facts or circumstances. *See Rosseau*, 2011 WL 6207037, at *9. We agree that he failed to meet his burden.

The court of appeals cited two decisions from this Court to support its position. *Id*. (citing *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908-09 (Tex. Crim. App. 2011); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002)). The court of appeals properly observed that, to prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances. *See Lykos*, 330 S.W.3d at 908-09; *United States v. Salerno*, 481 U.S. 739, 745 (1987); *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) ("A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid."). It also correctly explained that analysis of a statute's constitutionality must begin with the presumption that the statute is valid and that the Legislature did not act arbitrarily or unreasonably in enacting it. *Rodriguez*, 93 S.W.3d at 69. Appellee, as the individual challenging the statute, has the burden to establish its unconstitutionality. *Lykos*, 330 S.W.3d at 911.

The Equal Protection Clause of the Fourteenth Amendment requires that "all persons similarly situated shall be treated alike" under the law. *Plyler v. Doe*, 457 U.S. 202, 216 (1982); *Wood v. State*, 18 S.W.3d 642, 651 (Tex. Crim. App. 2000).[7] Appellee contends that the bigamy provision, if construed to enhance the range of punishment for sexual assault anytime either the defendant or complainant is married, impermissibly punishes "married persons" more harshly than it does non-married persons. The State disputes that the statute treats married and unmarried people differently because the statute would apply either to a married defendant who assaults an unmarried individual, to a married defendant who assaults a married individual, or to an unmarried defendant who assaults a married individual. The State contends that married and unmarried defendants are thus treated alike under the statute.

We agree with the State to the extent it argues that the statute is not facially unconstitutional in all its possible applications. The statute operates to elevate the offense of sexual assault from a second-degree felony to a first-degree felony if it is alleged and proven at trial that "the victim [of the sexual assault] was a person whom the actor was prohibited from marrying or purporting to marry or with whom the actor was prohibited from living under the appearance of being married under [Texas Penal Code] Section 25.01." *See* TEX.

---

[7] Where no suspect classification or violation of a fundamental right is involved, a difference in treatment need be only "rationally related to a valid public purpose" to withstand equal protection scrutiny. *Eisenstadt v. Baird*, 405 U.S. 438, 447 n.7 (1972). "In the ordinary case, a law will be sustained if it can be said to advance a legitimate government interest, even if the law seems unwise or works to the disadvantage of a particular group, or if the rationale for it seems tenuous." *Romer v. Evans*, 517 U.S. 620, 632 (1996).

PENAL CODE §§ 22.011(f); 25.01. The "under Section 25.01" portion of the statute suggests that the provision applies when both sexual assault and bigamous conduct are alleged. Therefore, the statute is not facially unconstitutional because it has at least one valid application: the punishment of bigamists who sexually assault their purported spouses. *See Lykos*, 330 S.W.3d at 909 (to prevail on facial challenge, party must prove there are "no factual circumstances" under which statute would be constitutional). Furthermore, although appellee suggests that the statute is facially invalid because it punishes all married people more severely than it punishes unmarried people, he also appears to concede that the statute would be valid if its application were limited to punishing bigamists who commit sexual assault against their purported spouses.[8] Appellee has failed to argue, let alone show, that the statute would operate unconstitutionally with respect to sexual-assault situations involving bigamy. Because appellee has failed to show that it is unconstitutional in every possible respect, the statute is not facially unconstitutional. *See Lykos*, 330 S.W.3d at 911.[9]

---

[8] For example, in his brief on the merits, appellee argues that it is the State's "flawed interpretation" of the bigamy provision, rather than all possible applications of the statute, that would result in an equal protection violation. He further suggests that so long as the provision is applied consistently with the legislative intent "to punish bigamous conduct," it poses no constitutional violation.

[9] Given the procedural posture, we express no opinion regarding the applicability of the bigamy provision to appellee's case. Because this is a pretrial appeal, the record is undeveloped and thus we do not yet know what evidence the State will present at trial to support its allegations. In a facial challenge to a statute's constitutionality, we examine the statute as it is written, rather than how it is applied in a particular case. *See State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011). Arguments pertaining to an as-applied challenge or the sufficiency of the evidence must be reserved for another day. *See, e.g., Lawrence v. State*, 240 S.W.3d 912, 916 (Tex. Crim. App. 2007) (pretrial motion to quash "cannot be used to argue that the prosecution could not prove one of the elements of the crime," and should not lead to "mini-trial on the sufficiency of the

## IV. Conclusion

We affirm the judgment of the court of appeals and remand this case to the trial court for further proceedings.

Delivered: April 17, 2013

Publish

---

evidence to support an element of the offense") (internal quotation marks omitted); *State v. Rosenbaum*, 910 S.W.2d 934, 942-48 (Tex. Crim. App. 1995) (dissenting op. adopted on reh'g) ("An indictment must be facially tested by itself under the law, as a pleading; it can neither be supported nor defeated as such by what evidence is presented at trial. . . . *A fortiori*, it can not be supported or defeated by evidence presented at pretrial.").