

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

No. 06-19-00185-CR

RICHARD LEE PERCIVILL, JR., Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 124th District Court
Gregg County, Texas
Trial Court No. 48,441-B

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Burgess

MEMORANDUM OPINION

Richard Lee Percivill, Jr., was indicted in two separate indictments for family violence assault. The two cases were tried together, and he entered a plea of guilty to both indictments and a plea of true to each indictment's enhancement allegation of having a prior conviction for family violence assault. The trial court found him guilty and, after a hearing on punishment, sentenced him to five years in prison for each of the two indictments, with the sentences to run concurrently.

In this appeal from his conviction for family violence assault in trial court cause number 48,441-B, Percivill argues that he was improperly assessed (1) $425.00 in attorney fees and (2) $25.00 for a time payment fee.[1]

Because Percivill is indigent, we modify the judgment by deleting the assessment of attorney fees. Because ninety percent of the assessed time payment fee was unconstitutional, we modify the time payment fee from $25.00 to $2.50.

I.      **Attorney's Fees**

In his first point of error, Percivill contends that the judgment improperly assessed $425.00 in attorney fees against him.

Under Article 26.05(g) of the Texas Code of Criminal Procedure, a trial court has the authority to order the reimbursement of court-appointed attorney fees only if "the court determines that a defendant has financial resources that enable him to offset in part or in whole the costs of the legal services provided, including any expenses and costs." TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (Supp.). "[T]he defendant's financial resources and ability to pay are explicit critical

---

[1]The State does not oppose Percivill's arguments on appeal.

elements in the trial court's determination of the propriety of ordering reimbursement of costs and fees" of legal services provided. *Armstrong v. State*, 340 S.W.3d 759, 765–66 (Tex. Crim. App. 2011) (quoting *Mayer v. State*, 309 S.W.3d 552, 556 (Tex. Crim. App. 2010)). Since there is no finding of the ability of Percivill to pay them, the assessment of the attorney fees was erroneous. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013); *see also Mayer v. State*, 309 S.W.3d 552 (Tex. Crim. App. 2010); *Martin v. State*, 405 S.W.3d 944, 946–47 (Tex. App.—Texarkana 2013, no pet.).

Even though this is not reversible error, appellate courts "have the authority to reform judgments and affirm as modified in cases where there is non reversible error." *Ferguson v. State*, 435 S.W.3d 291, 293 (Tex. App.—Waco 2014, pet. struck) (comprehensively discussing appellate cases that have modified judgments). Accordingly, we modify the trial court's judgment by deleting the assessment of $425.00 for attorney fees from the judgment.

## II.     Time Payment Fee

In his final point of error, Percivill argues that ninety percent of the $25.00 time payment fee assessed against him is facially unconstitutional because that portion of the fee is deposited to a general fund without limitations or restriction. We agree and sustain Percivill's challenge.

Whether a statute is constitutional is a question of law we review de novo. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When we review issues as to the constitutionality of a statute, we "presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it." *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, pet ref'd); *see* TEX. GOV'T CODE ANN. § 311.021; *Rodriguez v. State*, 93 S.W.3d 60, 69

(Tex. Crim. App. 2002). We must uphold the statute if we can apply a reasonable construction that will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *see Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (noting that if statute can be interpreted in two ways, one of which sustains its validity, we apply interpretation sustaining its validity). The party that challenges the statute has the burden to establish unconstitutionality. *Rodriguez*, 93 S.W.3d at 69; *Maloney*, 294 S.W.3d at 626.

"[T]o prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Courts are to "consider the statute only as it is written, rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011); *Karenev v. State*, 281 S.W.3d 428, 441 (Tex. Crim. App. 2009) (Cochran, J., concurring) (holding that facial attack "can and must be made without reference to evidence . . . . Once it does or must refer to specific evidence it has passed out of the 'facial attack' arena and has become something else.").

Under Section 133.103(a) of the Texas Local Government Code, defendants convicted of a felony or misdemeanor shall pay, in addition to all other costs, a time payment fee of $25.00 if the defendant pays "any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment is entered assessing the fine, court costs, or restitution." Act of June 2, 2003, 78th Leg., R.S., ch. 2089, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2005, 2011, 2013, 2019) (current version at TEX. CODE CRIM. PROC. art 102.030). The statute allots the fee between three sources, directing the treasurer to (1) send fifty percent of the fee to

the comptroller, who shall deposit it to the credit of the general revenue fund, (2) deposit forty percent of the fee in the general revenue account of the county or municipality, and (3) deposit the remaining ten percent of the fees in the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of justice."[2]  *Id.*

Percivill does not challenge the ten percent of the fee allocated under former Section 133.103(c); rather, Percivill contests the remaining ninety percent of allocated fee that is directed to the general funds under former subsections 103.103(b) and (d), arguing that the assessment violated the separation-of-powers provision in the Texas Constitution, which prohibits one branch of government from assuming or delegating a power more properly attached to another branch. *See* TEX. CONST. art. II, § 1; *Lo*, 424 S.W.3d at 28.  A court's assessment of court costs in a criminal case violates the separation-of-powers clause when a court is delegated the executive branch's power to collect taxes. *Salinas v. State*, 523 S.W.3d 103, 106–07 (Tex. Crim. App. 2017).  If, for example, a statute contains a provision by which courts are turned into "tax gatherers," then the effect of the statute is to delegate to courts a power more properly attached to the executive branch. *Id.* at 107.

---

[2]We note that the Legislature recently repealed Section 133.103, subsections (b) and (d), of the Local Government Code, Act of May 23, 2019, 86th Leg., R.S., Ch. 1352, § 4.04, 2019 Tex. Sess. Law Serv. 3982, 4034–35, and transferred Section 133.103 from the Local Government Code to Chapter 102 of the Texas Code of Criminal Procedure; re-designated Section 133.103 as Article 102.030; and amended the language of the statute to delete the provisions that were previously held to be unconstitutional, Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.54, 2019 Tex. Sess. Law Serv. 3982, 4010–11 (codified at TEX. CODE CRIM. PROC. art. 102.030).  The Legislature provided that the above changes "apply only to a cost, fee, or fine on conviction for an offense committed on or after [January 1, 2020]."  Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 5.01, 2019 Tex. Sess. Law Serv. 3982, 4035–36.  The record in this cause reflects that the date of the offense was prior to January 1, 2020.  Therefore, the former statute, rather than the revisions, applies to this case.

However, a court's assessment of costs is a proper judicial function when "the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes." *Id.* (quoting *Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App. 2015)). In other words, a reviewing court must determine whether the fee is a disguised tax on a criminal defendant, which is unconstitutional, or a fee for a legitimate criminal justice purpose, which is constitutional. *See Casas v. State*, 524 S.W.3d 921, 925–27 (Tex. App.—Fort Worth 2017, no pet.). "What constitutes a legitimate criminal justice purpose is a question to be answered on a statute-by-statute/case-by-case basis." *Salinas*, 523 S.W.3d at 107. "And the answer to that question is determined by what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose." *Id*.

In *Salinas*, the Texas Court of Criminal Appeals held that certain fees were unconstitutional because the collected fees were sent into general revenue and were not sufficiently related to the criminal justice system. 523 S.W.3d at 107–09. The Fourteenth Court of Appeals cited *Salinas* in *Johnson v. State*, where it determined that former Section 133.103, subsections (b) and (d), were unconstitutional. 573 S.W.3d 328, 340 (Tex. App.—Houston [14th] 2019, pet. filed). Because subsections (b) and (d) directed that the funds be collected and sent into a general revenue fund without limitations or restriction, the court determined that the time payment fee was little more than a late fee that had nothing to do with reimbursing the county or State for the defendant's criminal trial or criminal resources generally. *Id*. Based on that finding, the court concluded that subsections (b) and (d) were unconstitutional. *Id*. Relying on the reasoning of *Salinas* and

6

*Johnson*, other courts of appeal have reached the same conclusions. *See Dulin v. State*, 583 S.W.3d 351 (Tex. App.—Austin 2019, pet. granted) *Kremplewski v. State*, No. 01-19-00033-CR, 2019 WL 3720627 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1 (Tex. App.—Eastland, July 11, 2019, pet. filed) (mem. op., not designated for publication);

We agree with and hereby adopt the reasoning of our sister court in *Johnson*. Therefore, we conclude that former Section 133.103, subsections (b) and (d), were facially unconstitutional. As stated in *Johnson*, this holding does not apply to the ten percent allocation specified in former Section 133.103(c). *See Johnson*, 573 S.W.3d at 340. Accordingly, in addition to removing the attorney fees assessed against Percivill, we sustain, in part, Percivill's second point of error and modify the trial court's judgment by changing the time payment fee from $25.00 to $2.50.

We modify the trial court's judgment by deleting the assessment of $425.00 for attorney fees and by changing the time payment fee from $25.00 to $2.50. We affirm the judgment, as modified.

Ralph K. Burgess
Justice

Date Submitted:     March 19, 2020
Date Decided:       April 9, 2020

Do Not Publish

7