

# IN THE
# TENTH COURT OF APPEALS

## No. 10-21-00050-CR

SHELDON MCDANIEL,

**Appellant**

 v.

THE STATE OF TEXAS,

**Appellee**

**From the 77th District Court**
**Limestone County, Texas**
**Trial Court No. 14931-A**

## MEMORANDUM OPINION

Sheldon McDaniel pleaded guilty to the state jail felony offense of possession of a controlled substance. The trial court received his plea of guilty and after a punishment hearing assessed McDaniel's punishment at twenty months in a state jail facility. We will affirm.

**Procedural and Factual Background**

McDaniel waived trial by jury and pleaded guilty to the court without a punishment recommendation from the state. After McDaniel entered his plea the trial court ordered a pre-sentence investigation in which McDaniel failed to participate. After a punishment hearing the trial court sentenced McDaniel to twenty months in a state jail facility. The trial court's written judgment did not include a finding that McDaniel was presumptively entitled to diligent participation credit. *See* TEX. CODE CRIM. PROC. ANN. art. 42.0199.

**Issue One**

McDaniel now complains in one issue that the Code of Criminal Procedure's requirement that trial courts determine eligibility for diligent participation credit against time served in a state jail facility is facially unconstitutional because it violates the Texas Constitution's non-delegation doctrine. *See* TEX. CONST. art. II, § 1.

APPLICABLE LAW

We review de novo as a question of law whether a criminal statute is constitutional. *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013). When we conduct our review, we are required to presume that the statute is constitutional and that the legislature was neither unreasonable nor arbitrary in enacting it. *See Karenev v. State*, 281 S.W.3d 428, 434 (Tex. Crim. App. 2009); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). We will uphold the statute if we can apply a reasonable construction

that will render it constitutional. *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979). The burden of establishing that a statute is unconstitutional falls on the party seeking to challenge the statute. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). A facial challenge to the constitutionality of a statute can be forfeited if not challenged in the trial court and may not be raised for the first time on appeal. *Karenev v. State*, 281 S.W.2d at 434.

DISCUSSION

The record before us reflects that on December 21, 2020, when McDaniel pleaded guilty, the trial court admonished him that his offense was a state jail felony. At the time of his plea, articles 42.0199 and 42A.559 of the Code of Criminal Procedure set forth the procedure regarding the grant of credit for diligent participation in state jail felonies. TEX. CODE CRIM. PROC. ANN. art. 42.0199, 42A.559. The trial court conducted a punishment hearing on March 9, 2021, some three months after admonishing McDaniel that he was pleading guilty to a state jail felony. McDaniel knew he was charged with a state jail felony and did not lodge an oral or written objection asserting that article 42.0199 or 42A.559 violated the non-delegation doctrine and was therefore facially unconstitutional or unconstitutional as applied to McDaniel. The judgment was signed by the judge and filed with the district clerk on March 9, 2021. McDaniel's pro se notice of appeal was also filed on March 9, 2021. While no facts needed to be developed regarding this issue, McDaniel could have utilized a motion for new trial to put the trial

court on notice of his assertion that article 42.0199 and/or 42A.559 were unconstitutional. We recognize that there is no requirement that "magic language" be used but the record should clearly reflect that the trial judge and opposing counsel understood the issue was raised in the trial court. *See State v. Rosseau*, 396 S.W.3d at 555.

Here the record is devoid of any such challenge to the constitutionality of articles 42.0199 and 42A.559. McDaniel did not make his constitutional challenge in the trial court; therefore, his complaint is not preserved for review. *See* TEX. R. APP. P. 33.1(a)(1). Accordingly, we overrule McDaniel's sole issue.

## Conclusion

We affirm the judgment of the trial court.

MATT JOHNSON
Justice

Before Chief Justice Gray,
        Justice Johnson, and
        Justice Smith
Affirmed
Do not publish
Opinion delivered and filed December 1, 2021
[CR 25]

