

# In the
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-24-00176-CR
_____

ABILENE SCHNIEDER, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 226th District Court
Bexar County, Texas
Trial Court No. 2023CR7154B

Before Stevens, C.J., van Cleef and Rambin, JJ.
Memorandum Opinion by Justice van Cleef

MEMORANDUM OPINION

After Abilene Schnieder's dogs attacked Ramon Najera and caused his death, Schnieder entered a plea of guilty to attack by dog, a second-degree felony. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1), (b). After a punishment hearing, the trial court sentenced Schnieder to fifteen years' imprisonment and imposed a $5,000.00 fine. In her sole point of error on appeal, Schnieder argues that the trial court erred by failing to grant her motion to quash the indictment.[1] While we find no error in the trial court's decision, we must modify the judgment to reflect the correct statute of offense. As modified, we affirm the trial court's judgment.

## I. Factual and Procedural Background

Schnieder argues that the State's indictment should have been dismissed. Under the applicable statute,

(a)    A person commits an offense if the person is the owner of a dog and the person:

(1)    with criminal negligence, as defined by Section 6.03, Penal Code, fails to secure the dog and the dog makes an unprovoked attack on another person that occurs at a location other than the owner's real property or in or on the owner's motor vehicle or boat and that causes serious bodily injury, as defined by Section 1.07, Penal Code, or death to the other person.

TEX. HEALTH & SAFETY CODE ANN. § 822.005(a)(1). An unprovoked attack that causes death is a second-degree felony. TEX. HEALTH & SAFETY CODE ANN. § 822.005(b). Consistent with the statutory language of Section 822.005, the State's indictment alleged that Schnieder

---

[1]Originally appealed to the Fourth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Supp.). We follow the precedent of the Fourth Court of Appeals in deciding the issues presented. *See* TEX. R. APP. P. 41.3.

did with criminal negligence fail to secure a dog that was owned by the defendant, namely by failing to appropriately restrain her dogs, maintaining a fence of inadequate height, and maintaining a fence with numerous holes and areas through which her dogs could enter and exit the fence, and the dogs made an unprovoked attack on another person that caused the death of Ramon Najera, at a location other than defendant's real property or in or on the defendant's motor vehicle or boat.

On February 2, 2024, Schnieder filed a motion to dismiss the indictment on grounds of "Outrageous Governmental Conduct" and "Entrapment by Estoppel." In the dismissal motion, Schnieder classified her dogs as dangerous because they were previously involved in two other attacks resulting in bite wounds to people. Schnieder argued in her motion that the San Antonio Animal Control (SAAC) department was to blame for the attack because they released the dogs to her despite the prior attacks. According to Schnieder's motion, SAAC should have imposed more stringent requirements on Schnieder before releasing the dogs to her or should have euthanized the dogs.

After hearings, the trial court denied Schnieder's motions to dismiss the indictment, and she pled guilty to the offense.

## II. There Was No Error in the Trial Court's Denial of Schnieder's Dismissal Motion

On appeal, Schnieder argues that the trial court should have quashed the State's indictment because had SAAC euthanized the dogs, the attack would never have happened.[2] In effect, Schnieder's argument questions whether she was criminally negligent. *See* TEX. PENAL CODE ANN. § 6.04. The State argues that Schnieder's argument provides no basis to quash the indictment. We agree.

---

[2]Schnieder cites to an inapplicable civil product liability case in support of her position.

3

"We review a trial court's decision on a motion to quash an indictment de novo because the sufficiency of a charging instrument is a question of law." *Estrada v. State*, 629 S.W.3d 755, 758 (Tex. App.—San Antonio 2021, no pet.) (citing *State v. Rosseau*, 396 S.W.3d 550, 555 n.6 (Tex. Crim. App. 2013)). "An indictment is sufficient so long as (1) it confers jurisdiction on the trial court to pronounce judgment and (2) an ordinary person can understand what it means and what the offense is." *Id.* (citing TEX. CODE CRIM. PROC. ANN. art. 21.11). "An indictment must be specific enough for the defendant to prepare a defense, and the sufficiency of the indictment will be tested on its own terms—'in a vacuum, so to speak.'" *Id.* (quoting *Adams v. State*, 707 S.W.2d 900, 901 (Tex. Crim. App. 1986)).

Schnieder does not argue that the State's indictment failed to confer jurisdiction on the district court, allege a crime, or track the statutory language. Here, we find that the State's indictment sufficiently alleged a felony offense, which conferred jurisdiction on the district court to decide the matter. *See* TEX. CODE CRIM. PROC. ANN. art. 4.05. We also find that the indictment provided sufficient notice that the State was seeking to try Schnieder under Section 822.005 of the Texas Health and Safety Code because it tracked that section's statutory language. *See Meza v. State*, 549 S.W.3d 672, 680 (Tex. App.—San Antonio 2017, no pet.). Accordingly, we find that the trial court properly overruled Schnieder's motion to dismiss the indictment.

We overrule Schnieder's sole point of error.

4

**III.     We Modify the Judgment to Reflect the Correct Statute of Offense**

"This Court has the power to correct and modify the judgment of the trial court for accuracy when the necessary data and information are part of the record." *Anthony v. State*, 531 S.W.3d 739, 743 (Tex. App.—Texarkana 2016, no pet.) (citing TEX. R. APP. P. 43.2(b); *Bigley v. State*, 865 S.W.2d 26, 27 (Tex. Crim. App. 1993); *Asberry v. State*, 813 S.W.2d 526, 529 (Tex. App.—Dallas 1991, pet. ref'd) (en banc)). "The authority of an appellate court to reform incorrect judgments is not dependent upon the request of any party, nor does it turn on the question of whether a party has or has not objected in the trial court." *Id.* (quoting *Asberry*, 813 S.W.2d at 529–30).

Here, the record shows that the indictment tracked the statutory language of Section 822.005 of the Texas Health and Safety Code and that Schnieder pled guilty to an offense under that Section. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.005. Even so, the trial court's judgment mistakenly lists the statute of offense as Section 822.044, which requires a dangerous dog allegation that was omitted from the State's allegations. *See* TEX. HEALTH & SAFETY CODE ANN. § 822.044. As a result, we modify the trial court's judgment to clarify the correct statute of offense.

**IV. Conclusion**

We modify the trial court's judgment to reflect that the statute of offense is Section 822.005 and affirm the trial court's judgment, as modified.

Charles van Cleef
Justice

Date Submitted:     February 28, 2025
Date Decided:     March 12, 2025

Do Not Publish