Jesse Randolph CURRY, Appellant,

v.

The STATE of Texas, Appellee.

No. 01–04–00156–CR.

Court of Appeals of Texas, Houston (1st Dist.).

Oct. 13, 2005.

Josh Schaffer, The Schaffer Firm, Houston, TX, for Appellant.

Kelly Ann Smith, Assistant District Attorney, Charles A. Rosenthal, District Attorney, Harris County Jr., Houston, TX, for Appellee.

Panel consists of Justices TAFT, KEYES, and HANKS.

## OPINION

GEORGE C. HANKS, JR., Justice.

Appellant, Jesse Randolph Curry, appeals the trial court's order denying his motion for post-conviction DNA testing. Appellant contends that article 64.03(a)(2)(A) of the Texas Code of Criminal Procedure,[1] which sets forth the requirements for post-conviction DNA testing, is unconstitutional because it denies him (1) due process, due course of law, and equal protection of the law guaranteed by the United States and Texas Constitutions and (2) a meaningful remedy to exercise his right to be free from unlawful punishment, as guaranteed by the Open Courts provision of the Texas Constitution. *See* U.S. CONST. amend. XIV, § 1; TEX. CONST. art. I, §§ 3, 19. Appellant challenges the statute as being unconstitutional on its face and as applied. We affirm the trial court's order.

## Factual Background

A jury convicted appellant of the aggravated assault of his wife and assessed his punishment at confinement for life in prison. During the punishment phase of trial, after appellant was convicted for the aggravated assault of his wife, the State produced evidence that appellant's wife had been sexually assaulted. The DNA from appellant's wife's rape kit indicated that there was a mixture of more than one person's DNA. The evidence further concluded that appellant's DNA could not be ruled out. Pursuant to article 64.03(a) of the Texas Code of Criminal Procedure, appellant filed a motion for post-conviction DNA testing. The motion did not challenge the constitutionality of article 64.03(a)(2)(A). After a hearing, the trial court, finding that identity had never been an issue in the case, denied appellant's motion.

## Constitutional Challenge

In two points of error, appellant contends that article 64.03(a)(2)(A) of the Texas Code of Criminal Procedure is unconstitutional on its face and as applied because it denies him due process, due course of law, and equal protection of the law. Specifically, appellant argues that article 64.03(a)(2)(A) is unconstitutional because it

---

1. Article 64.03(a) provides in pertinent part that:
   (a) A convicting court may order forensic DNA testing under this chapter only if:
   (1) the court finds that:
   (A) the evidence:
   (i) still exists and is in a condition making DNA testing possible; and
   (ii) has been subjected to a chain of custody sufficient to establish that it has not been substituted, tampered with, replaced, or altered in any material respect; and
   (B) identity was or is an issue in the case; and

(2) the convicted person establishes by a preponderance of the evidence that:
(A) the person would not have been convicted if exculpatory results had been obtained through DNA testing; and
(B) the request for the proposed DNA testing is not made to unreasonably delay the execution of sentence or the administration of justice.
TEX.CODE CRIM. PROC. ANN. art. 64.03(a) (Vernon Supp.2004–2005) (emphasis added).

"arbitrarily deprives all convicted persons whose cases involve biological evidence from obtaining post-conviction DNA testing to determine whether they are being unlawfully *punished,* and it violates the open courts provision of the Texas Constitution because it deprives them of any meaningful remedy to exercise their right to be free from unlawful punishment." (Emphasis added.)

### Standard of Review

In determining whether a statute is constitutional, an appellate court must presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *Ex parte Granviel,* 561 S.W.2d 503, 511 (Tex.Crim. App.1978). The party challenging the statute has the burden of establishing that the statute is unconstitutional. *Id.* This Court must uphold the challenged statute if it can be reasonably construed in a manner consistent with the legislative intent and is not repugnant to the Constitution. *See Ely v. State,* 582 S.W.2d 416, 419 (Tex.Crim.App.1979); *see also Granviel,* 561 S.W.2d at 511 (noting that an appellate court must invalidate a statute that is not supported by reasonable legislative intent).

Generally, a constitutional challenge to a statute must be asserted in the trial court to be considered on appeal. TEX.R.APP. P. 33.1(a); *Norris v. State,* 902 S.W.2d 428, 446 (Tex.Crim.App.1995). Constitutional rights, including the rights of due process and due course of law, may be waived if the proper request, objection, or motion is not asserted in the trial court. *See Solis v. State,* 945 S.W.2d 300, 301 (Tex.App.-Houston [1st Dist.] 1997, pet. ref'd) (noting that almost every constitutional and statutory right may be waived by failing to object in trial court). However, there are two exceptions. First, appellate courts will address questions involving the constitutionality of the statute upon which a defendant's conviction is based, even when such issues are raised for the first time on appeal. *Rabb v. State,* 730 S.W.2d 751, 752 (Tex.Crim.App.1987). Second, an appellant does not waive error if he fails to raise a facial constitutional challenge to a statute at trial. *Briggs v. State,* 789 S.W.2d 918, 924 (Tex.Crim.App. 1990). A facial challenge claims that a statute is "invalid *in toto*—and therefore incapable of any valid application." *Steffel v. Thompson,* 415 U.S. 452, 474, 94 S.Ct. 1209, 1223, 39 L.Ed.2d 505 (1974).

### As Applied Challenge

Appellant argues that article 64.03(a)(2)(A) violates the United States and Texas Constitutions as applied because the statute prohibits him from seeking post-conviction DNA testing relevant to the *punishment* phase of his trial, and, therefore, he is deprived of a meaningful remedy to challenge his punishment.

Appellant failed to object in the trial court to article 64.03(a) as being unconstitutional as applied under either the United States or Texas Constitutions. An as applied constitutional challenge to a statute is waived if it is not asserted at the trial court level. *See Briggs,* 789 S.W.2d. at 924. Accordingly, appellant has not preserved this issue for appellate review. *See* TEX.R.APP. P. 33.1(a)(1).

We overrule point of error one.

### Facial Challenge

In point of error two, appellant argues that article 64.03(a)(2)(A) is facially unconstitutional under the United States and Texas Constitutions because it only permits post-conviction DNA testing when the evidence is relevant to the guilt phase rather than the punishment phase of a trial, and, therefore, it does not give all convicted persons a meaningful remedy to challenge their punishments.

A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid. *See Santikos v. State,* 836 S.W.2d 631, 633 (Tex.Crim.App.1992). In this case, appellant's facial challenge fails for the simple reason that the United States Constitution does not require the State to provide post-conviction DNA testing to any convicted person. *See Kutzner v. Montgomery Co.,* 303 F.3d 339, 340 (5th Cir.2002); *Harvey v. Horan,* 278 F.3d 370, 375–76 (4th Cir. 2002). Furthermore, appellant cites no authority for the existence of this requirement under the Texas Constitution. In fact, the Texas Constitution provides that appellate review of criminal convictions may be limited by the legislature. *See Henderson v. State,* 132 S.W.3d 112, 114 (Tex.App.-Dallas 2004, no pet.). Accordingly, appellant cannot establish that the statute operates unconstitutionally as to all convicted persons.

We overrule point of error two.

## Conclusion

We affirm the trial court's order.