**Opinion issued May 14, 2015**



**In The**

# Court of Appeals

**For The**

# First District of Texas

———————————

**NO. 01-13-00821-CR**

**NO. 01-13-00822-CR**

———————————

**GREGORIO GUERRERO, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 339th District Court**
**Harris County, Texas**
**Trial Court Case Nos. 1172094 & 1172095**

---

**MEMORANDUM OPINION**

Appellant Gregorio Guerrero was charged by indictment with aggravated robbery with a deadly weapon and evading arrest. He pleaded guilty, and the trial court deferred his adjudication. Three years later, the State filed a motion to

adjudicate Guerrero's guilt, alleging that he had violated his community supervision conditions. After conducting a hearing on the State's motion, the trial court found the State's allegations true and sentenced Guerrero to 20 years' confinement for the aggravated robbery charge and two years' confinement for the evading arrest charge, with the sentences to run concurrently. In two issues, Guerrero contends that the trial court erred in (1) unconstitutionally interfering with plea negotiations, which violated his right to due process and to have the proceeding adjudicated by a neutral and detached judge, and (2) assessing an unconstitutional court cost against him because the "consolidated court cost" authorized by Texas Local Government Code section 133.012(a)(1) violates the Texas Constitution. We affirm.[1]

## Background

The State moved to adjudicate Guerrero's guilt on his aggravated robbery and evading arrest charges in March 2013. The trial court conducted a hearing on the State's motion. At the beginning of the hearing, the trial court asked Guerrero whether he and the State had reached a plea bargain. The following exchange occurred:

---

[1] Appellate cause number 01-13-00821-CR is the appeal from the conviction for aggravated robbery (trial court number 1172094), and appellate cause number 01-13-00822-CR is the appeal from the conviction for evading arrest (trial court cause number 1172095). We address all of Guerrero's points of errors in both cases in this opinion.

THE COURT: Okay. All right. I remember the Court did offer you - - make you give a recommendation or give you a recommended offer; is that correct?

APPELLANT'S COUNSEL: That is correct.

THE COURT: What was the offer?

APPELLANT'S COUNSEL: Previous offer by the State was ten years.

PROSECUTOR: That's correct, Judge, on all three cases, both the aggravated robbery prior, the evading arrest prior and the aggravated robbery that is currently pending. And he's turned all of that down.

THE COURT: Okay. So do you understand that going forward, the State has witnesses and this Court is going to hear all of the testimony. And you received probation on a first degree felony aggravated robbery with a deadly weapon, which the maximum amount you can receive is ninety-nine years, or life, in prison. You understand that?

THE DEFENDANT: Yes, ma'am.

THE COURT: Okay. And is it your desire to reject the State's offer of ten years and go forward with the hearing?

THE DEFENDANT: Yes, ma'am.

Following that exchange, the State presented its evidence showing that Guerrero violated his community supervision conditions. The trial court found all of the State's allegations true and sentenced Guerrero to 20 years' confinement for the aggravated robbery charge and two years' confinement for the evading arrest charge, with the sentences to run concurrently. That same day, on August 29, 2013, the trial court entered judgment and assessed $304 in court costs for the aggravated robbery conviction and $334 in court costs for the evading arrest

3

conviction. Approximately 20 days later, on September 19 and 20, the district clerk issued a bill of cost for each conviction, which assessed $133 as a "consolidated court cost." Guerrero did not file a motion for new trial.

**Guerrero failed to preserve any complaint regarding plea negotiations**

In his first issue in appellate cause number 01-13-00821-CR, Guerrero contends that the trial court violated his right to due process and to have his case adjudicated by a neutral and detached judge because the trial court interjected itself in the plea-bargaining process. The State contends that Guerrero failed to preserve this issue. We agree with the State.

Generally, to preserve a complaint for appellate review, a party must make a timely and specific request, objection, or motion in the trial court and obtain an adverse ruling from the trial court. TEX. R. APP. P. 33.1(a). Except for complaints involving systemic requirements, or rights that are waivable only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004). The improper intrusion by a trial court into the plea-bargaining process is not systemic error and may not be brought for the first time on appeal. *Moore v. State*, 295 S.W.3d 329, 333 (Tex. Crim. App. 2009).

We conclude that Guerrero failed to preserve his complaint that the trial court unconstitutionally interfered with the plea-bargaining process. At the

4

beginning of the hearing, the trial court asked Guerrero whether he and the State had reached a plea bargain. The trial court stated "I remember the Court did offer you – make you give a recommendation or give you a recommended offer; is that correct?" Although that statement is unclear, the record makes clear that the trial court was referring to a plea offer made by the State. Guerrero's trial counsel stated that the "[p]revious offer by the State was ten years." Additionally, when the trial court asked Guerrero if he wished to reject the plea and continue with the hearing, he answered "Yes, ma'am." According to Guerrero, the trial court's reference to "the court's offer" constituted an improper interjection in the plea-bargaining process, which violated his right to due process and to have the proceeding adjudicated by a neutral and detached judge.

However, Guerrero did not complain to the trial court that the court improperly interjected itself into the plea-bargaining process. Likewise, Guerrero made no objection that the trial court's comments and questions violated his due process rights. Accordingly, we conclude that Guerrero failed to preserve any complaint regarding the trial court interjecting itself into the plea-bargaining process. *See* TEX. R. APP. P. 33.1(a); *Anderson v. State*, 301 S.W.3d 276, 280 (Tex. Crim. App. 2009) ("[O]ur prior decisions make clear that numerous constitutional rights, including those that implicate a defendant's due process rights, may be forfeited for purposes of appellate review unless properly

5

preserved."); *Moore*, 295 S.W.3d at 333 (holding appellant failed to preserve issue because he did not object to trial court's allegedly improper intrusion into plea-bargaining process).

We overrule Guerrero's first issue in appellate cause number 01-13-00821-CR.

### Constitutionality of the "comprehensive rehabilitation" fund in Local Government Code section 133.102

In his second issue in appellate cause number 01-13-00821-CR and sole issue in appellate cause number 01-13-00822-CR, Guerrero contends the "comprehensive rehabilitation" fund authorized by Local Government Code section 133.102 amounts to an unconstitutional tax because it "does not relate[] back to the courts" and, therefore, collecting funds for the "comprehensive rehabilitation" fund violates the separation of powers clause of the Texas Constitution. *See* TEX. CONST. art. II, § 1.

### A. Standard of Review

When reviewing a constitutional challenge, we presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it. *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013); *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see also State ex. rel. Lykos v. Fine*, 330 S.W.3d 904, 908–09 (Tex. Crim. App. 2011). We must uphold the statute if it can be "reasonably construed in a manner consistent with

6

the legislative intent and is not repugnant to the Constitution." *Curry*, 186 S.W.3d at 42. When statutory authority exists to sustain a constitutional reading of a statute, we favor that interpretation over any other. *See id.*; *see also Ex parte Granviel*, 561 S.W.2d 503, 511 (Tex. Crim. App. 1978) (en banc) ("Every reasonable intendment and presumption will be made in favor of the constitutionality and validity of a statute, until the contrary is clearly shown.") (citation omitted); *Oakley v. State*, 807 S.W.2d 378, 381 (Tex. App.—Houston [14th Dist.] 1991) ("If a statute is capable of two constructions, one of which sustains its validity, this court will uphold the interpretation that sustains its validity."), *aff'd*, 830 S.W.2d 107 (Tex. Crim. App. 1992).

The party challenging the statute bears the burden of establishing the statute's unconstitutionality. *Rosseau*, 396 S.W.3d at 557. "A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992) (en banc).

**B.    Applicable Law**

Section 133.102(a)(1) of the Texas Local Government Code mandates that a person convicted of a felony must pay $133 "as a court cost, in addition to all other costs." TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2014). The collected amounts must be remitted to the state comptroller, who in turn must

allocate this money to 14 specified "accounts and funds." The statute provides that 9.8218 percent of the $133 cost is allocated to the "comprehensive rehabilitation" fund. *See id.* § 133.102(e)(6) (West Supp. 2014). Subsection (e) provides that the designated funds "may not receive less than" certain specified percentages of the collected amounts. *Id.* Additionally, section 133.058 permits a municipality or county to retain 10 percent of collected amounts as a "service fee." *Id.* § 133.058(a) (West Supp. 2014).

## C.  Analysis

Guerrero contends that section 133.102 violates the separation of powers clause of the Texas Constitution because it requires a convicted felon to pay the cost of "comprehensive rehabilitation," which is unrelated to any function of the courts. Guerrero contends that he may raise his constitutional challenge to the court cost for the first time on appeal. We agree with the State that Guerrero may not assert his constitutional claim for the first time on appeal and he therefore waived any constitutional challenge to Local Government Code section 133.102.

Ordinarily, to preserve error, there must be a timely, specific objection and an adverse ruling by the trial court. TEX. R. APP. P. 33.1; *see Lozano v. State*, 359 S.W.3d 790, 823 (Tex. App.—Fort Worth 2012, pet. ref'd) ("To be timely, an objection must be made as soon as the basis for the objection becomes apparent."). Except for complaints involving systemic requirements, or rights that are waivable

8

only, all other complaints, whether constitutional, statutory, or otherwise, are forfeited by failure to comply with Rule 33.1(a). *Mendez v. State*, 138 S.W.3d 334, 342 (Tex. Crim. App. 2004).

"Examples of rights that are waivable-only include the rights to the assistance of counsel, the right to trial by jury, and a right of appointed counsel to have ten days of trial preparation which a statute specifically made waivable-only." *Aldrich v. State*, 104 S.W.3d 890, 895 (Tex. Crim. App. 2003) (en banc). "Absolute systemic requirements [that may not be waived] include jurisdiction of the person [and] the subject matter, and a penal statute's being in compliance with the Separations of Powers Section of the state constitution." *Id.* Violation of these non-waivable absolute systemic rights constitutes fundamental error. *McLean v. State*, 312 S.W.3d 912, 916 (Tex. App.—Houston [1st Dist.] 2010, no pet.).

Here, we conclude that Guerrero forfeited his separation of powers argument by failing to raise it in the trial court, because his challenge does not constitute a denial of an absolute systemic requirement. Guerrero did not file a motion for new trial or motion in arrest of judgment challenging the constitutionality of assessing a cost to support the comprehensive rehabilitation fund. *See Salinas v. State*, 426 S.W.3d 318, 325–26 (Tex. App.—Houston [14th Dist.] 2014, pet. granted) (analyzing constitutional challenge where appellant raised issue of constitutionality of Local Government Code section 133.102 in motion for new trial and motion in

arrest of judgment); *Peraza v. State*, -- S.W.3d --, Nos. 01-12-00690-CR & 01-12-00691-CR, 2014 WL 7476214, at \*1 (Tex. App.—Houston [1st Dist.] Dec. 30, 2014, pet. granted) (analyzing constitutional challenge to "DNA Record Fee" where appellant filed motions for new trial and in arrest of judgment). Separation of powers arguments must be preserved in the trial court. *See, e.g.*, *Russell v. State*, No. 02-11-00478-CR, 2013 WL 626983, at \*2 (Tex. App.—Fort Worth Feb. 21, 2013, pet. ref'd) (mem. op., not designated for publication); *Boone v. State*, 60 S.W.3d 231, 236 (Tex. App.—Houston [14th Dist.] 2001, pet. ref'd), *cert. denied*, 537 U.S. 1006 (2002).

An exception arises if the appellant raises a separation of powers challenge to a penal statute for the first time on appeal. *See Aldrich*, 104 S.W.3d at 895. Guerrero, however, does not challenge a penal statute. Rather, he contends that Local Government Code section 133.102 violates the separation of powers clause because it improperly allocates funds to the comprehensive rehabilitation fund, which amounts to an unconstitutional tax. *See id.* (absolute systemic requirements include penal statute's compliance with separation of powers clause of Texas Constitution). Accordingly, we conclude that Guerrero failed to preserve his separation of powers argument. *See Gamble v. State*, Nos. 02-13-00573-CR & 02-13-00574-CR, 2015 WL 221108, at \*4 (Tex. App.—Fort Worth Jan. 15, 2015, pet. ref'd) (mem. op., not designated for publication) (appellant's failure to preserve

10

issue in trial court forfeited argument on appeal that his form of community supervision violated separation of powers because he did not contend that a penal code section violated separation of powers).

In support of his position that he may raise his separation of powers argument for the first time on appeal, Guerrero relies on *Cardenas v. State*, 423 S.W.3d 396 (Tex. Crim. App. 2014) and *Johnson v. State*, 423 S.W.3d 385 (Tex. Crim. App. 2014), in which the Court of Criminal Appeals held that a defendant may challenge the sufficiency of the evidence to support the *assessment* of court costs for the first time on appeal. The Court of Criminal Appeals explained that "[c]onvicted defendants have constructive notice of mandatory court costs set by statute and the opportunity to object to the assessment of court costs against them for the first time on appeal or in a proceeding under Article 103.008 of the Texas Code of Criminal Procedure." *Cardenas*, 423 S.W.3d at 399; *see also Johnson*, 423 S.W.3d at 391 ("Appellant need not have objected at trial to raise a claim challenging the bases of assessed costs on appeal."). These cases, however, did not address the constitutionality of court costs, and, therefore, do not support Guerrero's contention that he may assert his constitutional claim for the first time on appeal. Accordingly, we hold that Guerrero failed to preserve his constitutional challenge to Local Government Code section 133.102's allocation of funds to the comprehensive rehabilitation fund. *See Mendez*, 138 S.W.3d at 342 (except for

complaints involving systemic requirements and non-waivable rights, constitutional complaints must be preserved in trial court).

We overrule Guerrero's second issue in appellate cause number 01-13-00821-CR and sole issue in appellate cause number 01-13-00822-CR.

## Conclusion

We affirm the judgments of the trial court.

Rebeca Huddle
Justice

Panel consists of Justices Keyes, Huddle, and Lloyd.

Do not publish. TEX. R. APP. P. 47.2(b).