ACCEPTED
02-15-00385-CR
SECOND COURT OF APPEALS
FORT WORTH, TEXAS
12/17/2015 4:08:08 PM
DEBRA SPISAK
CLERK

**NOS. 02-15-00385-CR**
**02-15-00386-CR**

_____

IN THE COURT OF APPEALS
FOR THE SECOND JUDICIAL DISTRICT
OF TEXAS AT FORT WORTH

_____

FILED IN
2nd COURT OF APPEALS
FORT WORTH, TEXAS

12/17/2015 4:08:08 PM

DEBRA SPISAK
Clerk

**WILLIE LEE AMIE, JR.**, Appellant

V.

**THE STATE OF TEXAS**, Appellee

_____

On Appeal from Criminal District
Court No. Two of Tarrant County, Texas
the Honorable Wayne Salvant
Presiding in Cause Nos. 1394034D & 1411402D

_____

**APPELLANT'S BRIEF**

Abe Factor
TBN: 06768500
Factor, Campbell & Collins
Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax:    (817) 222-3330
Attorney for Appellant
Willie Lee Amie, Jr.

*NO ORAL ARGUMENTS REQUESTED*

## IDENTITY OF PARTIES AND COUNSEL

The following is a complete list of parties to the trial court's judgment, with names and addresses of all trial and appellate counsel.

| | |
|---|---|
| Trial Judge: | Hon. Wayne Salvant, presiding judge, Criminal District Court No. Two |
| Appellant: | Willie Lee Amie, Jr. |
| Appellant's Trial Counsel: | Benson Varghese<br>TBN: 24063683<br>Steven Jumes<br>TBN: 00796854<br>Varghese Summersett PLLC<br>420 Throckmorton, Suite 200<br>Fort Worth, TX 76102 |
| Appellant's Counsel on Appeal: | Abe Factor<br>TBN: 06768500<br>Factor, Campbell & Collins<br>5719 Airport Freeway<br>Fort Worth, Texas 76117 |
| Appellee: | The State of Texas |
| Appellee's Trial Counsel: | Vincent Giardino<br>TBN: 24072939<br>Julie Harbin<br>TBN: 24074353<br>Assistant Criminal District Attorneys<br>401 West Belknap<br>Fort Worth, Texas 76196 |
| Appellee's Counsel on Appeal: | Debra Windsor<br>TBN: 00788692<br>Assistant Criminal District Attorney<br>401 West Belknap<br>Fort Worth, Texas 76196 |

# TABLE OF CONTENTS

*page*

IDENTITY OF PARTIES AND COUNSEL. . . . . . . . . . . . . . . . . . . . . . .i

TABLE OF CONTENTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . ii

TABLE OF AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .iii

STATEMENT OF THE CASE. . . . . . . . . . . . . . . . . . . . . . . . . . . . .1

POINTS OF ERROR PRESENTED. . . . . . . . . . . . . . . . . . . . . . . . . 2

STATEMENT OF FACTS. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .2

SUMMARY OF THE ARGUMENT. . . . . . . . . . . . . . . . . . . . . . . . . 3

ARGUMENT AND AUTHORITIES. . . . . . . . . . . . . . . . . . . . . . . . .3

      *Jurisdiction*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

I.     Section 133.102(a)(1) of the Texas Local Government
       Code by which the "consolidated court cost" was
       assessed is unconstitutional . . . . . . . . . . . . . . . . . . . . . . . . . . .4

      A.    *Preservation of Error*. . . . . . . . . . . . . . . . . . . . . . . . . . . 4

      B.    *Standard of Review*. . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

      C.    *Article 133.102(a)(1)*. . . . . . . . . . . . . . . . . . . . . . . . . . .7

      D.    *Discussion*. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

PRAYER. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 12

CERTIFICATE OF COMPLIANCE. . . . . . . . . . . . . . . . . . . . . . . .13

CERTIFICATE OF SERVICE. . . . . . . . . . . . . . . . . . . . . . . . . . . 13

# TABLE OF AUTHORITIES

*cases*          *page*

*Armstrong v. State,*
      340 S.W.3d 759 (Tex. Crim. App. 2011). . . . . . . . . . . . . . . . . . . .11

*Curry v. State,*
      186 S.W.3d 39 (Tex. App.–Houston [1st Dist.] 2005, no pet.).6, 7

*Ex Parte Carson,*
      143 Tex. Crim. 498, 159 S.W.2d 126 (1942). . . . . . . . . . 9, 10, 11, 12

*Ex Parte Lo,*
      424 S.W.3d 10 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . . . . .6

*Johnson v. State,*
      423 S.W.3d 385 (Tex. Crim. App. 2014). . . . . . . . . . . . . . . .4, 5, 11

*Lawson v. State,*
      283 S.W.3d 438 (Tex. App.–Fort Worth 2009, pet. ref'd). . . . . . .6

*State v. Rosseau,*
      396 S.W.3d 550 (Tex. Crim. App. 2013). . . . . . . . . . . . . . . . . . .6, 7

*Lopez v. State,*
      253 S.W.3d 680 (Tex. Crim. App. 2008). . . . . . . . . . . . . . . . . . . .4

*Maloney v. State,*
      294 S.W.3d 613 (Tex. App.–
           Houston [1st Dist.] 2009, pet. ref'd). . . . . . . . . . . . . . . . . . 6

*Mayer v. State,*
      309, S.W.3d 552 (Tex. Crim. App. 2010). . . . . . . . . . . . . . . . . . . 5

*Peraza v. State,*
      467 S.W.3d 508 (Tex. Crim. App. 2015, cert. filed). . . . . . . . . . . 4

*Santikos v. State,*
  836 S.W.2d 631 (Tex. Crim. App. 1992). . . . . . . . . . . . . . . . . . . . . .6

**Constitutions**

TEX. CONST. art. II § 1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .9

TEX. CONST. art. V, § 5(a). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .12

**Statutes**

TEX. CRIM. PROC. CODE ANN. § 26.05(g) (West Supp. 2015). . . . . . . . . .5

TEX. GOV'T CODE ANN. § 501.014 (West 2012). . . . . . . . . . . . . . . . . . . .2

TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2015). . . . 7, 8

TEX. LOC. GOV'T CODE ANN. § 133.102(b) (West Supp. 2015). . . . . . . . 8

TEX. LOC. GOV'T CODE ANN. § 133.102(e) (West Supp. 2015). . . . . . . . .8

TEX. PENAL CODE ANN. § 29.02(a)(1)(West 2011). . . . . . . . . . . . . . . . . .1

**Court Rules**

TEX. R. APP. P. 25.2(a)(2). . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

Tex. R. App. P. 33.1. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 4

**Other Sources**

*Tex. Atty. Gen. Op.,* No.JC-0158 (1999). . . . . . . . . . . . . . . . . . . . . . . . .11

## STATEMENT OF THE CASE

On March 18, 2015, Appellant Willie Lee Amie, Jr. ("Mr. Amie" or "Appellant") was indicted for the second degree felony offense of robbery, alleged to have occurred on November 21, 2014. [034 C.R. 5);[1] *see* TEX. PENAL CODE ANN. § 29.02(a)(1)(West 2011). On June 05, 2015, Mr. Amie was indicted for another second degree felony offense of robbery, alleged to have occurred on April 18, 2015. [402 C.R. 4];[2] *Id.* On October 6, 2015, Mr. Amie entered a plea of guilty before the jury to each case. [II R.R. 135, 137]. Punishment was to the jury, which sentenced Mr. Amie to two, concurrent terms of fifteen (15) years incarceration in the Texas Department of Criminal Justice–Institutional Division. [III R.R. 28, 29]. Timely notices of appeal were filed on October 7, 2015. [034 C.R. 45; 402 C.R. 30]. This appeal ensued.

---

[1] Citations to the Clerk's Record in Cause Number 1394034D will be designated as "034 C.R. xx."

[2] Citations to the Clerk's Record in Cause Number 1411402D will be designated as "402 C.R. xx."

## POINTS OF ERROR PRESENTED

### POINT OF ERROR ONE

I.      **Section 133.102(a)(1) of the Texas Local Government Code by which the "consolidated court cost" in the amount of $133 was assessed is unconstitutional.**

### STATEMENT OF FACTS

On October 6, 2015, Mr. Amie entered a plea of guilty before the jury to each case. [II R.R. 135, 137]. Punishment was to the jury, which heard evidence and argument from the State and the Defense. [II R.R. *passim*; III R.R. *passim*]. At the close of the punishment phase, the jury sentenced Mr. Amie to two, concurrent terms of fifteen (15) years incarceration in the Texas Department of Criminal Justice–Institutional Division. [III R.R. 28, 29]. Assessed as a court cost against Mr. Amie in each case was a "Consolidated Court Cost" in the amount of $133. [034 C.R. 43; 402 C.R. 28]. Incorporated into each of the Judgments was an "Order to Withdraw Funds" relating to Mr. Armie's inmate trust fund directing that $309.00 be taken pursuant to the statutory scheme for the State of Texas to withdraw funds from his inmate trust fund. [034 C.R. 42; 402 C.R. 27]. *See* TEX. GOV'T CODE ANN. § 501.014 (West 2012).

## SUMMARY OF THE ARGUMENT

The "consolidated court costs" assessed against convicted persons is an unconstitutional tax under the separation of powers clause of the Texas Constitution, as the funds collected pay for the operation of Texas courts. The judgments in each of these cases should therefore be modified to delete the $133 charge from the assessed court costs.

## ARGUMENT AND AUTHORITIES

*Jurisdiction*

Pursuant to Texas Rule of Appellate Procedure 25.2(a)(2), the Clerk's Records contains the Trial Court's Certifications of Defendant's Right of Appeal, which correctly states that these are not plea bargained cases, and the defendant has the right to appeal. [034 C.R. 44; 402 C.R. 29]. *See* TEX. R. APP. P. 25.2(a)(2).

## POINT OF ERROR ONE (RESTATED)

**I.** **Section 133.102(a)(1) of the Texas Local Government Code by which the "consolidated court cost" in the amount of $133 was assessed is unconstitutional.**[3]

**A.** *Preservation of Error*

Rule 33.1 of the Texas Rules of Appellate Procedure generally requires that a complaint on appeal be presented first to the trial court below or it is waived on review.[4] *See* TEX. R. APP. P. 33.1. However, the Court of Criminal Appeals has recently determined that a complaint on appeal regarding the imposition of court costs upon the revocation of community supervision can be raised for the first time on appeal. *See Johnson v. State*, 423 S.W.3d 385, 390-91 (Tex. Crim. App. 2014). The court pointed out that while a defendant will be sentenced in open court, the written judgment is prepared at a later date. *Id.* (citation omitted). Therefore, most defendants would not even be aware of the

---

[3] Undersigned counsel is aware that currently-binding authority holds directly against the argument presented here. *See e.g., Peraza v. State*, 467 S.W.3d 508 (Tex. Crim. App. 2015, cert. filed). The issue is presented here to preserve for further review.

[4] To preserve a complaint for appellate review, a party, at trial, must present and obtain a ruling on the complaint that states "the grounds for the ruling that [it] sought from the trial court with sufficient specificity to make the trial court aware of the complaint, unless the specific grounds were apparent from the context." TEX. R. APP. P. 33.1 (a); *see Lopez v. State,* 253 S.W.3d 680, 684 (Tex. Crim. App. 2008).

amount of any costs or fees assessed as they are most often not assessed in open court, nor is an itemized bill presented with which to determine the accuracy of the assessed fees or costs. *Id.*

The *Johnson* court supported its decision by citing to its opinion in *Mayer v. State*, 309, S.W.3d 552 (Tex. Crim. App. 2010). In *Mayer*, the appellant challenged the imposition of attorney's fees when his probation was revoked. Specifically, he claimed that there was no basis in the record to support the trial court's determination that the appellant had financial resources and, as a result, the ability to pay at least a portion of the cost of his defense. *Mayer*, 309 S.W.3d at 552; *see also* TEX. CRIM. PROC. CODE ANN. § 26.05(g) (West Supp. 2015) (requiring a judicial determination of whether a defendant has the financial resources to offset in whole, or part, the costs of the legal services provided to the defendant). The court held that since Mayer's complaint on appeal argued that there was insufficient evidence that he had the financial resources and ability to pay the assessed attorney fees and that insufficient evidence points of error may be raised for the first time on appeal, Mayer's complaint was not waived by his failure to object in the trial court. *See Mayer*, 309 S.W.3d at 556.

**B.** *Standard of Review*

Whether a statute is facially constitutional is a question of law that an appellate court will review *de novo*. *Ex Parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013); *Lawson v. State,* 283 S.W.3d 438, 440 (Tex. App.–Fort Worth 2009, pet. ref'd). When reviewing a constitutional challenge, the court must "presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it." *Lo*, 424 S.W.3d at 14; *see also State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). If the statute can be construed in two different ways, one of which sustains its validity, a reviewing court will apply the interpretation that sustains its validity. *Maloney v. State*, 294 S.W.3d 613, 625 (Tex. App.–Houston [1st Dist.] 2009, pet. ref'd).

The party challenging the statute bears the burden of establishing the statute's unconstitutionality. *Rosseau*, 396 S.W.3d at 557; *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.–Houston [1st Dist.] 2005, no pet.). "A facial challenge to a statute is the most difficult challenge to mount successfully because the challenger must establish that no set of circumstances exists under which the statute will be valid." *Santikos v. State*, 836 S.W.2d 631, 633 (Tex. Crim. App. 1992); *see*

6

*also Rosseau*, 396 S.W.3d at 557. This Court "must uphold the challenged statute if it can be reasonably construed in a manner consistent with the legislative intent and is not repugnant to the Constitution." *Curry*, 186 S.W.3d at 42.

### C.     *Section 133.102(a)(1)*

The trial court assessed the cost pursuant to section 133.102(a)(1) of the Texas Local Government Code, which mandates that a person convicted of a felony must pay $133 "as a court cost, in addition to all other costs." *See* TEX. LOC. GOV'T CODE ANN. § 133.102(a)(1) (West Supp. 2015). The collected amounts must be remitted to the state comptroller, who in turn must allocate this money to fourteen specified "accounts and funds:"

(1) abused children's counseling;

(2) crime stoppers assistance;

(3) breath alcohol testing;

(4) Bill Blackwood Law Enforcement Management Institute;

(5) law enforcement officers standards and education;

(6) comprehensive rehabilitation;

(7) operator's and chauffeur's license;

(8) criminal justice planning;

(9) an account in the state treasury to be used only for the establishment and operation of the Center for the Study and Prevention of Juvenile Crime and Delinquency at Prairie View A & M University;

(10) compensation to victims of crime fund;

(11) emergency radio infrastructure account;

(12) judicial and court personnel training fund;

(13) an account in the state treasury to be used for the establishment and operation of the Correctional Management Institute of Texas and Criminal Justice Center Account; and

(14) fair defense account.

*Id*. §§ 133.102(b), (e) (West Supp. 2015). Subsection (e) provides that the designated funds "may not receive less than" certain specified percentages of the collected amounts. *Id*. Section 133.058 permits a municipality or county to retain 10 percent of collected amounts as a "service fee."

   **D.**   *Discussion*

   The trial court's assessment of a "consolidated court cost" against Mr. Amie violates the separation of powers clause of the Texas

Constitution.[5] In *Ex Parte Carson*, 143 Tex. Crim. 498, 159 S.W.2d 126

(1942), *rejected by, Peraza v. State*, 467 S.W.3d 508 (Tex. Crim. App. 2015),

the Texas Court of Criminal Appeals considered whether it was

constitutionally permissible to impose a $1 fee as a court cost in all

cases filed in counties with more than eight district courts or more than

three county courts at law. *Carson*, 159 S.W.2d at 127. The revenue

collected from the $1 fee was directed to the "County Law Library

Fund" and "available to be used for certain costs and expenses in

acquiring, maintaining and operating a law library available to the

judges of the courts and to the attorneys of litigants." *Id*. The court held

that the fee constituted an unconstitutional tax, not a legitimate court

cost, because it was "neither necessary nor incidental to the trial of a

---

[5]  Article II, § 1 of the Texas Constitution holds:

> DIVISION OF POWERS; THREE SEPARATE DEPARTMENTS;
> EXERCISE OF POWER PROPERLY ATTACHED TO OTHER
> DEPARTMENTS. The powers of the Government of the State of
> Texas shall be divided into three distinct departments, each of
> which shall be confided to a separate body of magistracy, to wit:
> Those which are Legislative to one; those which are Executive to
> another, and those which are Judicial to another; and no person, or
> collection of persons, being of one of these departments, shall
> exercise any power properly attached to either of the others, except
> in the instances herein expressly permitted.

TEX. CONST. art. II § 1.

criminal case." *Id*. at 127, 130. The court cautioned that to hold otherwise,

> would lead into fields of expenditures which may as well include the cost of the court houses, the automobiles which officers use to apprehend criminals and even the roads upon which they ride. If something so remote as a law library may be properly charged to the litigant on the theory that it better prepares the courts and the attorneys for the performance of their duties, it occurs to us that we might as logically tax an item of cost for the education of such attorneys and judges and even the endowments of the schools which they attend.

*Id*. at 127. Like the law library fee in *Carson*, here the proceeds of the consolidated court costs assessed against convicted persons is used to provide services that are neither necessary nor incidental to the trial of a criminal case.

Applying the Court of Criminal Appeals' strict standard to the statute at issue in the present case, none of the fourteen programs funded by collection of the consolidated court cost from convicted defendants, pursuant to section 133.102, pass constitutional muster. Certainly, there is no indication in the record that any of the funded items represent actual costs incurred in Mr. Amie's trial. More importantly, none of the fourteen is less remote in its relationship to the court proceedings in this case than was the funding for a law library to

10

be used by judges and attorneys in *Carson*.

Court costs do not constitute part of the guilt or sentence of a criminal defendant–"they are 'a nonpunitive recoupment of the costs of judicial resources expended in connection with the trial of a case.'" *Johnson*, 423 S.W.3d at 390 (quoting *Armstrong v. State*, 340 S.W.3d 759, 767 (Tex. Crim. App. 2011)). Any court cost that is "neither necessary nor incidental to the trial of a criminal case" is "not a legitimate" cost of court. *Carson,* 159 S.W.2d at 127-130. Rather, such a court cost is, in reality, a tax.

A requirement that courts assess such a cost would render the courts "tax gatherers" in violation of the separation of powers doctrine. This is because requiring courts to collect a tax (albeit one disguised as a court cost) imposes an executive branch function on the judicial branch. The Attorney General has explained in an opinion that "court fees that are used for general purposes are characterized as taxes, and a tax imposed on a litigant interferes with access to the courts in violation of the constitution." *Tex. Atty. Gen. Op.,* No.JC-0158 (1999).

Making convicted criminals pay for certain programs, rather than obtaining funding through other means of revenue, may seem an

11

attractive, expedient, and fair option. Nonetheless, this Court is bound to follow the precedent established by the Court of Criminal Appeals. *See* TEX. CONST. art. V, § 5(a).

As stated, under the Court of Criminal Appeals opinion in *Carson*, none of the fourteen items funded under Local Government Code section 133.102 constitute a cost necessary or incidental to the trial of a criminal case. *See Carson*, 159 S.W.2d at 130. These are therefore not legitimate items to be assessed against criminal defendants. Accordingly, section 133.102 is unconstitutional and the $133 should be deleted from the trial court's judgment.

## PRAYER

PREMISES CONSIDERED, Appellant Willie Lee Amie respectfully requests that this Court sustain the points of error in this brief and amend the judgment in this case as set forth herein. Mr. Amie further requests that he be granted any such further relief to which he may show himself justly entitled.

Respectfully submitted,

/s/ Abe Factor
Abe Factor
TBN: 06768500
Factor, Campbell & Collins

12

Attorneys at Law
5719 Airport Freeway
Fort Worth, Texas 76117
Phone: (817) 222-3333
Fax:    (817) 222-3330
Attorney for Appellant
Willie Lee Amie, Jr.

## CERTIFICATE OF COMPLIANCE

I hereby certify that the word count for the portion of this filing covered by Rule 9.4(i)(1) of the Texas Rules of Appellate Procedure is 3,048.

/s/ Abe Factor
Abe Factor

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing instrument has been furnished to counsel for the State/Appellee either by a manner compliant with the rules on this 17th day of December, 2015.

/s/ Abe Factor
Abe Factor