**Opinion issued August 11, 2016**



In The

# Court of Appeals

For The

# First District of Texas

_____

## NOS. 01-16-00180-CR and 01-16-00181-CR

_____

## EX PARTE JUAN JOSE SANCHEZ, Appellant

On Appeal from the 268th District Court
Fort Bend County, Texas
Trial Court Case Nos. 14-DCR-067551, 14-DCR-067552

## MEMORANDUM OPINION

In this appeal from the denial of his pretrial habeas petition, Juan Jose Sanchez presents a facial challenge to the constitutionality of Section 32.51 of the Texas Penal Code. We affirm.[1]

---

[1]    We withdraw the opinion and judgment dated July 28, 2016 and issue this opinion and these judgments in their stead to include both appellate cause numbers.

## Background

Sanchez was indicted on two counts of possession or use of identifying information with the intent to harm or defraud another, under Section 32.51 of the Penal Code. *See* TEX. PENAL CODE ANN. § 32.51 (West 2011 & Supp. 2015). Sanchez moved to quash the indictments and applied for a writ of habeas corpus on the ground that the statute is facially unconstitutional. The trial court denied relief. Sanchez appeals the trial court's denial of habeas relief.[2] *See* TEX. R. APP. P. 31. Because Sanchez challenges the statute's facial validity, we analyze the challenge without regard to the specific facts of his cases. *Ex parte Lo*, 424 S.W.3d 10, 14 n.2 (Tex. Crim. App. 2013).

## Discussion

Pursuant to Section 32.51(b):

A person commits an offense if the person, with the intent to harm or defraud another, obtains, possesses, transfers, or uses an item of:

(1) identifying information of another person without the other person's consent;

(2) information concerning a deceased natural person, including a stillborn infant or fetus, that would be identifying information of that person were that person alive, if the item of information is obtained, possessed, transferred, or used without legal authorization; or

(3) identifying information of a child younger than 18 years of age.

---

[2]     We note also that the State has filed two new indictments alleging check forgery under separate cause numbers in the trial court.

TEX. PENAL CODE ANN. § 32.51(b). The statute defines "identifying information" to include an individual's name, social security number, and date of birth. *Id.* § 32.51(a)(1).

Sanchez challenges Section 32.51 on the ground that it violates the First Amendment right to freedom of speech. He also contends that it criminalizes mere thought, which he alleges violates the First and Eighth Amendments of the federal constitution and article 1, section 19 of the Texas Constitution.[3]

## I. Standard of Review

Determining whether a statute is facially constitutional is a question of law that we review de novo. *Ex parte Lo*, 424 S.W.3d at 14 (Tex. Crim. App. 2013); *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd). In our review, we "presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it." *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, no pet.); *see* TEX. GOV'T CODE ANN § 311.021(1), (3) (West 2013); *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002). If the statute may be construed in two different ways, and one construction sustains the validity of the statute, we must use the construction that sustains the statute's validity. *Maloney*, 294 S.W.3d at 626. The party who

---

[3] Sanchez also contends that Section 32.51 violates the Dormant Commerce Clause, but waived that contention on appeal by failing to raise it first in the trial court. *See* TEX. R. APP. P. 33.1.

challenges the statute bears the burden of establishing that it is unconstitutional. *See State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013).

## II. Analysis

In a similar challenge, our court upheld Section 32.51 against a claim of constitutional overbreadth. *Horhn v. State*, 481 S.W.3d 363, 366–67 (Tex. App.—Houston [1st Dist.] 2015, pet. ref'd). In *Horhn*, the defendant was convicted under the statute for possessing names, dates of birth, and social security numbers in the form of a stolen credit card and cell phone photographs of computer spreadsheets. *Id.* Horhn challenged the statute's constitutionality in a motion to quash the indictment, in which he argued that Section 32.51 "is invalid on its face because it's overbroad and [] is a restriction on the First Amendment right to free speech." *Id.*

We affirmed Horhn's conviction, holding that the statute did not implicate the First Amendment's free speech protections. *Id.* at 375–76. As we noted, the Court of Criminal Appeals has recognized that the First Amendment protects two different kinds of conduct. *See id.* at 373 (citing *Ex parte Thompson*, 442 S.W.3d 325, 333–34 (Tex. Crim. App. 2014)). Conduct that is inherently expressive, such as participating in a parade or publishing a novel, is presumptively protected by the First Amendment. *Ex parte Thompson*, 442 S.W.3d at 334. Conduct that is not inherently expressive implicates the First Amendment if (1) it was intended to

convey a political message, and (2) this message would likely be understood by those who viewed it. *Id.* (citing *Texas v. Johnson*, 491 U.S. 397, 404, 109 S. Ct. 2533, 2539 (1989)). In *Horhn,* we rejected the defendant's constitutional challenge because the statute criminalized conduct that was "essentially noncommunicative," and thus it did not per se criminalize protected speech. *Horhn*, 481 S.W.3d at 375 (citing *Scott v. State*, 322 S.W.3d 662, 669 (Tex. Crim. App. 2010)). To the extent that Section 32.51 could be applied to communicative conduct, we found that such speech invaded the privacy interests of another person in an essentially intolerable manner and thus was unprotected under First Amendment jurisprudence. *Id.*; *accord Scott*, 322 S.W.3d at 668–69 (citing *Cohen v. California*, 403 U.S. 15, 21, 91 S. Ct. 1780, 1786 (1971)).

Sanchez asks that we overrule *Horhn*. He cites works of literature which invoke or refer to a person's name, and analogizes that these works are illegal uses of a name as defined by the statute. Sanchez suggests that the statute criminalizes the publication of a newspaper editorial or an investigative report that is critical of a public figure.

We rejected this premise in *Horhn*. "Under the canons of statutory construction, we are to construe a statute according to its plain language, unless the language is ambiguous or the interpretation would lead to absurd results that the legislature could not have intended." *Tapps v. State*, 294 S.W.3d 175, 177 (Tex.

5

Crim. App. 2009) (quoting *Williams v. State*, 253 S.W.3d 673, 677 (Tex. Crim. App. 2008)). We read the text of the statute in context, construing it "according to the rules of grammar and common usage." TEX. GOV'T CODE ANN. § 311.021 (West 2013); *Tapps*, 294 S.W.3d at 177. Section 32.51 criminalizes actions taken with intent to harm *or defraud*. Considered within this context, the term "use" does not embrace criticism of a person by name. *See* TEX. PENAL CODE ANN. § 32.51(b)(1); *SMI Realty Mgmt. Corp. v. Underwriters at Lloyd's, London*, 179 S.W.3d 619, 625 n.2 (Tex. App.—Houston [1st Dist.] 2005, pet. denied) (observing that under the maxim of *noscitur a sociis*, the meaning of a word may be determined by reference to the meaning of words associated with it).

Following *Horhn*, we hold that Section 32.51(b) withstands a facial challenge based on a violation of the First Amendment. *See* TEX. PENAL CODE ANN. § 32.51; *Ex parte Thompson*, 442 S.W.3d at 334; *Tapps*, 294 S.W.3d at 177; *Horhn*, 481 S.W.3d at 376.

Sanchez next contends that Section 32.51, by forbidding "possession" of identifying information, criminalizes knowledge of identifying information without requiring any criminal act. Sanchez argues that punishment of knowledge alone violates the First Amendment, the Eighth Amendment's prohibition on cruel and unusual punishment, and the Texas Constitution's guarantee of due course of law. *See* U.S. CONST. amends. I, VIII; TEX. CONST. art. I, § 19.

The State cannot criminalize thoughts. *Goldberg v. State*, 95 S.W.3d 345, 373 (Tex. App.—Houston [1st Dist.] 2002, pet. ref'd) (citing *Texas v. Johnson*, 491 U.S. 397, 414, 109 S. Ct. 2533, 2544 (1989)). But when a statute can be interpreted in two ways, one of which preserves its constitutionality, we apply the interpretation that preserves it. *Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd).

The Penal Code defines "possession" as "actual care, custody, or management," terms which suggest physical possession of tangible items. TEX. PENAL CODE ANN. § 1.07(a)(39) (West 2011). Black's Law Dictionary similarly defines possession in terms that suggest control of physical items, referring to it as "the exercise of dominion over property." *Possession*, BLACK'S LAW DICTIONARY (10th ed. 2014). Because the usual definition of the term assumes physical control, we construe possession in this context to require physical control of identifying information in written or recorded form. *See* TEX. PENAL CODE ANN. §§ 1.07(a)(39), 32.51; *Maloney*, 294 S.W.3d at 626; *Goldberg*, 95 S.W.3d at 373. This construction comports with the general purpose of the Penal Code, which is to deal with actually or potentially harmful conduct. *See* TEX. PENAL CODE ANN. § 1.02.

Finally, Sanchez contends that Section 32.51 is unconstitutionally vague because its "harm" standard provides insufficient notice as to what speech is

prohibited. Due process requires that a criminal statute be specific enough to give fair notice as to the activity that is criminal. *See State v. Holcombe*, 187 S.W.3d 496, 499 (Tex. Crim. App. 2006); *Bynum v. State*, 767 S.W.2d 769, 773 (Tex. Crim. App. 1989).

We apply a two-part test to determine if a criminal statute is unconstitutionally vague. To overcome a vagueness challenge, a criminal statute must define the offense (1) with sufficient specificity that ordinary people can understand what actions are prohibited, and (2) in a manner that does not permit arbitrary and discriminatory enforcement. *See Holcombe*, 187 S.W.3d at 499. Either the lack of notice or lack of guidelines for law enforcement may constitute an independent ground for finding a statute void for vagueness. *Adley v. State*, 718 S.W.2d 682, 685 (Tex. Crim. App. 1985). But a statute need not be mathematically precise; it need only give fair warning, in light of common understanding and practices. *Rivera v. State*, 363 S.W.3d 660, 672 (Tex. App.—Houston [1st Dist.] 2011, no pet.).

Words defined in dictionaries with meanings understood by a person of ordinary intelligence are not vague or indefinite. *Ex parte Morales*, 212 S.W.3d 483, 499 (Tex. App.—Austin 2006, pet. ref'd) (citing *Floyd v. State*, 575 S.W.2d 21, 23 (Tex. Crim. App. 1978)). We read words in context, according to the rules of grammar and common usage. *See* TEX. GOV'T CODE ANN. § 311.011(a). If a

statute does not substantially implicate constitutionally protected conduct or speech, it is valid unless it is impermissibly vague in all applications. *Holcombe*, 187 S.W.3d at 499 (citing *Vill. of Hoffman Estates v. Flipside, Hoffman Estates, Inc.*, 455 U.S. 489, 494–495, 102 S. Ct. 1186, 1191 (1982)).

We have determined that Section 32.51 does not implicate constitutionally protected speech. The statute is therefore valid unless it is unconstitutionally vague in all applications. *Flipside*, 455 U.S. at 494–95, 102 S. Ct. at 1191; *Holcombe*, 187 S.W.3d at 499. In its context within the statute, "harm or defraud" provides sufficient notice to the public of the criminal penalty for misuse of identifying information. *See* TEX. GOV'T CODE ANN. § 311.011(a); *Holcombe*, 187 S.W.3d at 499; *see also*, *e.g.*, *Ex parte Morales*, 212 S.W.3d at 499; *Harm*, MERRIAM-WEBSTER'S COLLEGIATE DICTIONARY (11th ed. 2003); *cf. State v. Florance*, No. 05-07-00088-CR, 2007 WL 2460088, at \*4–\*5 (Tex. App.—Dallas Aug. 31, 2007, pet. dism'd) (not designated for publication) (upholding criminal statute against vagueness challenge to "intent to harm or defraud" language). We hold that Sanchez has failed to demonstrate that Section 32.51(b) is unconstitutional on its face. *See Rosseau*, 396 S.W.3d at 557; *Florance*, 2007 WL 2460088, at \*4–\*5; *Holcombe*, 187 S.W.3d at 499; *Ex parte Morales*, 212 S.W.3d at 499; *Curry*, 186 S.W.3d at 42.

## Conclusion

We hold that the trial court did not err in denying Sanchez's habeas petition. We therefore affirm the order of the trial court. All pending motions are denied as moot.

Jane Bland
Justice

Panel consists of Justices Higley, Bland, and Massengale.

Do not publish. *See* TEX. R. APP. P. 47.2(b).