

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-20-00062-CR
_____

KENDALL BIGGS, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 241st District Court
Smith County, Texas
Trial Court No. 241-0691-19

Before Morriss, C.J., Burgess and Stevens, JJ.
Memorandum Opinion by Justice Stevens

MEMORANDUM OPINION

Kendall Biggs pled guilty to burglary of a habitation and, pursuant to a plea bargain with the State, was placed on deferred adjudication community supervision for six years. After Biggs violated the terms and conditions of his community supervision, the trial court adjudicated his guilt, sentenced him to eleven years' imprisonment, and ordered him to pay $174.00 in court costs.

In his first point of error on appeal,[1] Biggs argues that former subsections (b) and (d) of Section 133.103 of the Texas Local Government Code, on which the time payment fee included in the clerk's bill of costs is based, are facially unconstitutional.[2] Because we agree, we sustain Biggs's first point of error and modify the clerk's bill of costs accordingly.

In his last point of error, Biggs argues that we must delete an order to pay restitution contained in a separate order adjudicating guilt because restitution was not orally pronounced. Because the trial court's judgment contains no order to pay restitution, we overrule Biggs's last point of error. As a result, we affirm the trial court's judgment.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001. We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]All references to the former version of Section 133.103 in this opinion are references to the Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2005, 2011, 2013, 2019) (current version at TEX. CODE CRIM. PROC. art. 102.030). While the Legislature amended this statute, the amendments specified that "[a]n offense committed before the effective date of this Act is governed by the law in effect on the date the offense was committed, and the former law is continued in effect for that purpose." Act of May 23, 2019, 86th Leg., R.S., ch. 1352, § 2.54, 2019 Tex. Sess. Law Serv. 3982, 4010–11 (eff. Jan. 1, 2020).

**I.      We Modify the Bill of Costs by Deleting Facially Unconstitutional Fees**

A challenge to the constitutionality of court costs may be raised for the first time on appeal. *London v. State*, 490 S.W.3d 503, 507 (Tex. Crim. App. 2016) (citing *Johnson v. State*, 423 S.W.3d 385, 390–91 (Tex. Crim. App. 2014); *Landers v. State*, 402 S.W.3d 252, 255 (Tex. Crim. App. 2013); *Wiley v. State*, 410 S.W.3d 313, 321 (Tex. Crim. App. 2013)).  The clerk's bill of costs reflects a $25.00 "Time Payment" fee.  Citing former Section 133.103 of the Texas Local Government Code, it also states, "An additional time payment fee of $15.00 will be assessed if any part of a fine, court costs, or restitution is paid on or after the 31ST day after the date the judgment assessing the fine, court costs or restitution is entered."  Biggs argues that we should delete these fees from the clerk's bill of costs because the former versions of Section 133.103(b) and Section 133.103(d) were facially unconstitutional.  We agree.

**A.      Standard of Review**

The constitutionality of a statute is subject to de novo review.  *Ex parte Lo*, 424 S.W.3d 10, 14 (Tex. Crim. App. 2013).  We "presume that the statute is valid and that the legislature was neither unreasonable nor arbitrary in enacting it."  *Curry v. State*, 186 S.W.3d 39, 42 (Tex. App.—Houston [1st Dist.] 2005, pet. ref'd); *see* TEX. GOV'T CODE ANN. § 311.021; *Rodriguez v. State*, 93 S.W.3d 60, 69 (Tex. Crim. App. 2002).  A statute will be upheld if a reasonable construction that will render it constitutional can be applied.  *Ely v. State*, 582 S.W.2d 416, 419 (Tex. Crim. App. [Panel Op.] 1979); *see Maloney v. State*, 294 S.W.3d 613, 626 (Tex. App.—Houston [1st Dist.] 2009, pet. ref'd) (we apply an interpretation sustaining a statute's validity if statute can be interpreted in two ways, one of which sustains its validity).  As the challenging

3

party, Biggs has the burden to establish the unconstitutionality of former Section 133.103, subsections (b) and (d). *See Rodriguez*, 93 S.W.3d at 69; *Maloney*, 294 S.W.3d at 626.

"[T]o prevail on a facial challenge, a party must establish that the statute always operates unconstitutionally in all possible circumstances." *State v. Rosseau*, 396 S.W.3d 550, 557 (Tex. Crim. App. 2013). Courts are to "consider the statute only as it is written, rather than how it operates in practice." *State ex rel. Lykos v. Fine*, 330 S.W.3d 904, 908 (Tex. Crim. App. 2011) (orig. proceeding); *Karenev v. State*, 281 S.W.3d 428, 441 (Tex. Crim. App. 2009) (Cochran, J., concurring) (holding that facial attack "can and must be made without reference to evidence. . . . Once it does or must refer to specific evidence it has passed out of the 'facial attack' arena and has become something else.").

**B.      Analysis**

Former Section 133.103(a) of the Texas Local Government Code required defendants convicted of a felony or misdemeanor to pay a time payment fee of $25.00 in addition to other costs, if the defendant paid "any part of a fine, court costs, or restitution on or after the 31st day after the date on which a judgment [was] entered assessing the fine, court costs, or restitution." Act of June 2, 2003, 78th Leg., R.S., ch. 209, § 62, sec. 133.103, 2003 Tex. Gen. Laws 979, 996–97 (amended 2005, 2011, 2013, 2019). The former statute allotted the $25.00 fee among three purposes, directing the treasurer to (1) under former subsection (b), send fifty percent of the fee to the comptroller, who was then directed to deposit it "to the credit of the general revenue fund," (2) under former subsection (c), deposit ten percent of the fees in the general fund of the county or municipality "for the purpose of improving the efficiency of the administration of

4

justice," and (3) under former subsection (d), "deposit the remainder of the fees . . . in the general revenue account of the county or municipality." *Id.* The additional $15.00 time payment fee in the clerk's bill of costs is also directed to be paid into the general revenue fund under former Section 133.103(d).

As for the $25.00 time payment fee, Biggs does not challenge the ten percent of the fee allocated under former Section 133.103(c), but challenges only the remaining ninety percent of allocated fee that is directed to the general funds under former Section 103.103, subsections (b) and (d). He also challenges the $15.00 time payment fee under former subsection 103.103(d). Biggs argues that these assessments violated the separation-of-powers provision in the Texas Constitution, which prohibits one branch of government from assuming or delegating a power more properly attached to another branch. *See* TEX. CONST. art. II, § 1; *Lo*, 424 S.W.3d at 28. A court's assessment of court costs in a criminal case violates the separation-of-powers clause when a court is delegated the executive branch's power to collect taxes. *Salinas v. State*, 523 S.W.3d 103, 106–07 (Tex. Crim. App. 2017). If, for example, a statute contains a provision by which courts are turned into "tax gatherers," then the effect of the statute is to delegate to courts a power more properly attached to the executive branch. *Id.* at 107.

Even so, an assessment of costs is a proper judicial function when "the statute under which court costs are assessed (or an interconnected statute) provides for an allocation of such court costs to be expended for legitimate criminal justice purposes." *Id.* (quoting *Peraza v. State*, 467 S.W.3d 508, 517 (Tex. Crim. App. 2015)). As a result, we must determine whether the fee is a disguised tax on a criminal defendant, which is unconstitutional, or a fee for a legitimate

criminal justice purpose, which is constitutional. *See Casas v. State*, 524 S.W.3d 921, 925–27 (Tex. App.—Fort Worth 2017, no pet.). "What constitutes a legitimate criminal justice purpose is a question to be answered on a statute-by-statute/case-by-case basis." *Salinas*, 523 S.W.3d at 107. "[T]he answer to that question is determined by what the governing statute says about the intended use of the funds, not whether funds are actually used for a criminal justice purpose." *Id*.

In *Salinas*, the Texas Court of Criminal Appeals held that certain fees were unconstitutional because the collected fees were sent into general revenue and were not sufficiently related to the criminal justice system. *Id.* at 107–09. The Fourteenth Court of Appeals cited *Salinas* in a recent case and determined that former Section 133.103, subsections (b) and (d), were unconstitutional. *Johnson v. State*, 573 S.W.3d 328, 340 (Tex. App.—Houston [14th Dist.] 2019, pet. filed). Because subsections (b) and (d) directed that the funds be collected and sent into a general revenue fund without limitations or restriction, *Johnson* concluded that the time payment fee was little more than a late fee that had nothing to do with reimbursing the county or State for the defendant's criminal trial or criminal resources generally. *Id*. Based on that finding, the court concluded that subsections (b) and (d) were unconstitutional. *Id*.

While the Tyler Court of Appeals has not decided this issue, other appellate courts, including ours, have reached the same conclusions. *See Brown v. State*, No. 06-20-00017-CR, 2020 WL 3865736, at *1 (Tex. App.—Texarkana July 9, 2020, no pet.) (mem. op., not designated for publication); *Percivill v. State*, No. 06-19-00185-CR, 2020 WL 1807107, at *1 (Tex. App.—Texarkana Apr. 9, 2020, pet. filed) (mem. op., not designated for publication); *Dulin v. State*, 583 S.W.3d 351 (Tex. App.—Austin 2019, pet. granted); *Kremplewski v. State*,

6

No. 01-19-00033-CR, 2019 WL 3720627 (Tex. App.—Houston [1st Dist.] Aug. 8, 2019, pet. filed); *King v. State*, No. 11-17-00179-CR, 2019 WL 3023513, at *1 (Tex. App.—Eastland, July 11, 2019, pet. filed) (mem. op., not designated for publication). Due to *Salinas* and the opinions of other sister courts addressing this issue, we believe that the Tyler Court of Appeals would also adopt the reasoning of *Johnson* to conclude that former Section 133.103, subsections (b) and (d), were facially unconstitutional. As a result, we sustain Biggs's first point of error.

We modify the trial court's judgment by changing the $25.00 time payment fee to $2.50 and by deleting the "additional time payment fee of $15.00."

## II. The Judgment Does Not Order Payment of Restitution

In his last point of error, Biggs complains of a separate order entered by the trial court that included an order to pay restitution. Because the final judgment contains no order to pay restitution, we overrule Biggs's point of error.

Before Biggs was placed on deferred adjudication community supervision, his agreed punishment recommendation with the State stated, "As a result of negotiations between the parties, it is mutually recommended to the Court that: . . . A SPECIAL CONDITION of the recommended sentence be[] payment of RESITUTION in the amount **to be determined by the PSI**." The order placing Biggs on deferred adjudication community supervision did not include any reference to restitution. Even so, as a term and condition of his deferred adjudication community supervision, Biggs was ordered to perform "450 hours of Community Service Restitution" and pay restitution in an amount "(To Be Determined)." On the State's request, the trial court amended the terms and conditions of Biggs's deferred adjudication community

7

supervision to include an order to pay "restitution in the total amount of $808.24 at the rate of $50.00 each month beginning October 2019." In addition to the judgment, the record also contains an "ORDER OF FINAL ADJUCATION," which sets forth the State's allegations in its motion to adjudicate guilt, recites that the trial court granted the motion and revoked Biggs's deferred adjudication community supervision, and appears to order payment of restitution of $808.24 to the victim of the offense. Arguing that the trial court's formal oral pronouncement did not include payment of restitution, Biggs asks that we modify the order of final adjudication.

During an informal pronouncement, the trial court stated, "Restitution ordered," but did not state the amount of restitution and asked the parties if there was "[a]ny legal reason to bar formal sentence." After both parties stated that there was no reason to bar formal sentencing, the trial court "formally pronounce[d]" Biggs's sentence and found, "No restitution is indicated as due." The trial court later "continued [Biggs] in the custody of the sheriff" to serve his sentence, stated that the sentence was "assessed with credit for time served," and added, "Restitution ordered as determined to be due."

When a defendant receives deferred adjudication, no sentence is imposed. *Taylor v. State*, 131 S.W.3d 497, 502 (Tex. Crim. App. 2004). Because restitution is considered punishment, it must be orally pronounced. *Ex parte Cavazos*, 203 S.W.3d 333, 338 (Tex. Crim. App. 2006); *see also Weir v. State*, 278 S.W.3d 364, 367 (Tex. Crim. App. 2009); *Taylor*, 131 S.W.3d at 502. When guilt is adjudicated, the judgment adjudicating guilt sets aside the order deferring adjudication. *See Taylor*, 131 S.W.3d. at 501–02. A trial court's final judgment must include any order to pay restitution. *See* TEX. CODE CRIM. PROC. ANN. art. 42.01, § 1(25)

8

(Supp.), art. 42A.755(b) ("The judge shall enter in the judgment in the case the amount of restitution owed by the defendant on the date of revocation.").

Biggs cites the rule that, when there is a conflict with the oral pronouncement of sentence and the written judgment, the oral pronouncement controls. *Burt v. State*, 445 S.W.3d 752, 757 (Tex. Crim. App. 2014). Here, however, there is no such conflict.

The trial court's formal pronouncement did not include an order to pay restitution. As a result, the judgment adjudicating Biggs's guilt did not order payment of restitution. Consistent with the final judgment, the clerk's bill of costs correctly reflects that no restitution is owned. Also, the order to withdraw funds also does not contain a reference to restitution. Because there is no judgment imposing a payment of restitution, we overrule Biggs's point of error.[3]

## III.    Conclusion

We modify the trial court's judgment by changing the $25.00 time payment fee to $2.50 and by deleting the "additional time payment fee of $15.00." As modified, the trial court's judgment is affirmed.

Scott E. Stevens
Justice

Date Submitted:      October 15, 2020
Date Decided:        October 20, 2020

Do Not Publish

---

[3]Biggs does not cite this Court to any authority indicating that the Tyler Court of Appeals would modify an order that is not a final judgment. In any case, because the judgment did not contain an order of restitution, we need not take this superfluous action.